■ HANS H. BUNDT et al., Respondents, et al., Plaintiffs, v. EDWARD EMBRO, JR., Defendant, and WALLACH'S AUTO RENTAL, INC., et al., Appellants.— Order of the Supreme Court, Queens County, dated November 9, 1966, denying three motions for summary judgment, one by appellant Peckham Road Corporation, one by the other appealing defendants, and one by the nonappealing defendant, modified to the extent of granting the motions of the appealing defendants as to plaintiffs who were plaintiffs in Actions Nos. 1 and 3 before the actions were consolidated, namely plaintiffs Bundt, Mondini (three) and Ferrario. As so modified, order affirmed insofar as appealed from, without costs. In September, 1962 two cars collided at an intersection in Greene County, New York. The three actions thereafter commenced were consolidated and, in the consolidated action, appellants, whose answers alleged the defense of satisfaction and discharge, moved for summary judgment on the ground that plaintiffs Bundt, Mondini and Ferrario, during the pendency of the three actions, had accepted payments of judgments obtained by them against the State of New York in the Court of Claims for injuries caused in the collision. In our opinion, appellants' motions should have been granted as to said plaintiffs. The papers submitted at Special Term showed only that the State was concurrently negligent with appellants and defendant Embro and that, because of the State's concurrent negligence, the said plaintiffs had recovered the judgments aaginst it. Having shown a satisfaction of damages, appellants were entitled to a dismissal of said plaintiffs' consolidated actions (*Walsh* v. *New York & Hudson Riv. R. R. Co.*, 204 N. Y. 58, 62–63; cf. *Matter of Parchefsky* v. *Kroll Bros.*, 267 N. Y. 410; see Court of Claims Act, § 8). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ NICK DE FABIO, JR., Respondent, v. NADLER RENTAL SERVICE, INC., et al., Defendants, and MARGARET ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Appellant. EUGENE HELD, Defendant and Third-Party Plaintiff; GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORP., LTD., Third-Party Defendant.— Orders of the Supreme Court, Orange County, dated November 30, 1966 affirmed, without costs. Appeal from order of said court, dated December 6, 1966, dismissed, without costs. No appeal lies from an order denying reargument. The lengthy delay of defendant Margaret Associates, Inc., in making the motion to amend its answer so as to deny making a leasing agreement precludes this court from granting relief (*Sarullo* v. *Newstand Realty Corp.*, 2 A D 2d 854 [2d Dept. 1956]; *Luback* v. *Hirsch*, 232 App. Div. 691 [2d Dept. 1931]). The motion was not made until almost a year after the death of defendant Held, the president of appellant, Margaret Associates, Inc., although it had knowledge since at least May, 1965 of the supposed defect in its answer. Despite the general rule in favor of free amendment of the pleadings (CPLR 3025, subd. [b]), where amendment would result in substantial prejudice to one of the parties because of something which has happened in the interim between the original pleading and the application to amend, and such harm could not be cured by the court, it would be an improvident exercise of discretion to allow such amendment (*Washington Life Ins. Co.* v. *Scott*, 119 App. Div. 847 [1st Dept. 1907]; *Lentini* v. *St. Vincent's Hosp.*, 19 A D 2d 652 [2d Dept. 1963]; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3025.16 [1966]). Where the party who wishes to amend has or should have knowledge of the facts which he wishes to put in his later pleadings, but refrains from moving to amend for an inexcusably long period of time, his motion will be denied because of gross laches (*Jennings* v. *Perkins*, 277 App. Div. 1143 [2d Dept. 1950]; *Loureiro* v. *Long Is. R. R. Co.*, 22 A D 2d 763 [2d Dept. 1964]). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.