SHEILA SCHNEIDERMAN et al., Plaintiffs, v. LOUIS M. METZGER et al., Defendants. (Action No. 1.) PATRICIA ALBRO et al., Respondents-Appellants, v. IVAN SODERO et al., Respondents, and GERALD SCHNEIDERMAN et al., Appellants. (Action No. 2.) — In consolidated negligence actions to recover damages for personal injuries, loss of services, etc., order of the Supreme Court, Kings

County, dated November 14, 1967, modified, on the law, by amending the decretal paragraph so as to grant the cross motion of defendants Schneiderman for summary judgment against plaintiffs Albro in Action No. 2 and to sever the action accordingly. As so modified, order affirmed insofar as appealed from, with a separate bill of $10 costs and disbursements to defendants filing separate briefs against plaintiffs Albro. As plaintiffs Albro concede on this appeal, no evidentiary fact tending to raise a triable issue concerning the claimed negligence of defendants Schneiderman, in whose Volkswagen plaintiff Patricia Albro was a passenger, was alleged by any party in opposition to the cross motion of these defendants. With respect to the denial of the motion of plaintiffs Albro for summary judgment against defendants Metzger and Sodero in Action No. 2, we think Special Term's order was proper, for among the papers before the court there was neither proof concerning whether and to what extent the road was lighted nor whether the tail-lights of the Volkswagen driven by defendant Sheila Schneiderman, stopped at a stop sign at midnight, were in operation. It is true that, at a hearing before the Department of Motor Vehicles, defendant Metzger testified that he did not see the Volkswagen in time to stop because he was looking at a traffic light located at the intersection following that at which he collided into the rear of the Volkswagen. Persuasive of lack of care though that admission may be, it does not constitute proof that such lack of care, as a matter of law, was the proximate cause of the collision unless it is equally proved that, had Metzger looked, he would have seen the Volkswagen at a point at which he could have avoided the collision. Brennan, Hopkins and Munder, JJ., concur; Christ, Acting P. J., and Rabin, J., concur in the modification granting summary judgment to defendants Schneiderman in Action No. 2, but otherwise dissent and vote to modify the order further so as to grant the motion of plaintiffs Albro for summary judgment against defendants Sodero and Metzger in Action No. 2, with the following memorandum: Car No. 1 was a Volkswagen driven by defendant Sheila Schneiderman, with plaintiff Patricia Albro as her passenger. Their vehicle was legally stopped at a stop sign on Commack Road. The driver of car No. 2, defendant Metzger, admitted that he did not see the Volkswagen because he was looking at a traffic light at a subsequent intersection. The weather was clear, the road dry and Metzger said his vision was not only unobstructed but the bright lights on his car were in operation. No excuse is given for this collision on a straight road and under the circumstances summary judgment in plaintiff-passenger Albro's favor is appropriate. With the bright lights on the Metzger vehicle, a car stopped ahead in the straight-away road should have been fully visible. Additionally, we note that at his examination before trial Metzger said, in response to a question whether the Volkswagen had its tail lights on, " They are very difficult to see on a Volkswagen." Lastly, the majority states that the record is devoid of proof that the roadway was lighted; yet defendant Metzger's MV 104 report has the box checked for "Light conditions * * * 4. Darkness with Str. Lights." In our view the majority has " strained to find an issue " that is not present in the case between passenger Albro and defendants Metzger and Sordero (*Donlon* v. *Pugliese,* 27 A D 2d 786).