■ MINDY'S WINE CELLAR, INC., Respondent, v AMERICAN & FOREIGN INSURANCE COMPANY, Appellant. (Appeal No. 1.)—Order unanimously reversed and judgment vacated, on the law and facts, and in the exercise of discretion, without costs, in accordance with the following memorandum: Plaintiff-respondent sued defendant-appellant insurance carrier to recover $316,118.84 for the destruction of its property by fire. Defendant had issued the policy two days before the fire occurred. It appeals from two Special Term orders, the first of which granted plaintiff a default judgment and the second of which denied defendant's motion which is denominated a motion to reargue. In denying appellant's motion Special Term in its memorandum decision referred to appellant's application as a "motion to reargue * * * to open a default judgment * * * and to permit the defendant to answer the complaint herein upon the opening of the default judgment". The fire occurred on April 15, 1974. Plaintiff submitted its proof of loss on August 13, 1974 and 10 days later, on August 23, 1974, commenced its action. Although defendant could have moved to dismiss the complaint because the action was begun less than 60 days after service of the proof of loss (New York Standard Fire Insurance Policy, lines 150-156; Insurance Law, § 168), it took no such action because the attorneys for the parties agreed that defendant could postpone the service of its answer until 20 days after defendant's examination of plaintiff. The examination was completed on January 20, 1975 and defendant received the transcript of the examination on February 25, 1975. On March 7, 1975, 10 days after receipt of the minutes, plaintiff moved for a default judgment on the ground that defendant's time to answer had expired on February 9, 1975, 20 days after the close of the examination. Defendant opposed the motion and proffered its answer. Its attorney's affidavit in opposition stated that he believed that he "was entitled to await the preparation and receipt of these minutes" before

serving the answer. The affidavit further stated that "there is a meritorious defense * * * That the insured plaintiff misrepresented fraudulently and swore falsely * * * regarding its [loss] amount * * * That the insured plaintiff increased the hazard in the insured premises by bringing flammable and combustible materials into the insured premises * * * That the plaintiff neglected to protect and save the insured premises". In denying defendant's cross motion Special Term stated that the defendant did not "Demonstrate an impressive reason vindicating the delay in answering" and that defendant did not show that it "has a meritorious defense". Upon the motion to reargue and vacate the default judgment defendant again relied upon another affidavit of its attorney and the affidavit of an investigator who stated that his examination of the premises after the fire showed "that it had been damaged by four distinct and separate fires, unconnected with each other" which convinced the affiant that the fire was of incendiary origin. Although defendant termed its motion one to "reargue" it was in effect a motion to "renew" because it was supported by additional affidavits containing information not before Special Term on the original motion. (See 7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.24; Practice Commentary, McKinney's Cons. Laws of N.Y., Book 7B, CPLR 2221, p 157, *Prude v County of Erie,* 47 AD2d 111, 113-114.) The delay in service of the answer was minimal, if indeed there was any delay. If computed from the date of receipt of the minutes by defendant's attorney, there were in fact 10 days remaining before the time to answer expired. Defendant's showing a meritorious defense presents a more difficult question. For the most part the merit statements were conclusory and should have contained more factual averments. Meager and scant as are these statements, the affidavits contained sufficient facts to justify defendant having its day in court in a case as substantial as the instant case. Plaintiff showed no prejudice to its rights by reason of the delay. It is well recognized and we have stated that "Default judgments are not favored, since the law prefers that issues be disposed of upon their merits, in the absence of a showing of prejudice" *(Ballard v Billings & Spencer Co.,* 36 AD2d 71, 76). Special Term, as a matter of discretion, might well have imposed conditions upon defendant for the privilege of serving its answer more than 20 days after the completion of the examination before trial. Plaintiff has incurred additional expense by reason of the delay. We, therefore, vacate the judgment and grant defendant the right to serve its answer within 10 days after service of a copy of the order to be entered herein, upon payment of $250 to the attorneys for plaintiff. (Appeal from order of Erie Supreme Court in action on insurance policy.) Present.—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ.