■ GLENN A. GRIFFIN et al., Respondents, v COLUMBIA UNIVERSITY, Appellant.—Order, Supreme Court, New York County, entered May 16, 1975, denying the defendant-appellant's motion to serve an amended answer, unanimously affirmed, without costs and without disbursements. Appeal from order, Supreme Court, New York County, entered June 27, 1975, denying the defendant-appellant's motion for leave to reargue, unanimously dismissed, without costs and without disbursements. The defendant's answer admitted ownership of the construction site where the male plaintiff was injured. A year later the defendant's attorney wrote the plaintiffs' attorney that the site was owned by another and requested a stipulation to amend the answer to that effect. When the plaintiffs did not stipulate and an additional two years had passed, the defendant moved to amend its answer. By that time the Statute of Limitations would have barred an action by the plaintiffs against the claimed owner, if it had not been barred by the time of the defendant's attorney's letter. The prejudice that would result to the plaintiffs prohibits such an amendment now *(De Fabio v Nadler Rental Serv.,* 27 AD2d 931). There is no merit to the contention that the plaintiffs cannot claim prejudice because all proceedings in the action were stayed for their failure to furnish security for costs. The defendant's own actions since the stay, serving its answer, requesting the stipulation, moving to amend and reargue, and its inaction in failing to move for dismissal (see CPLR 8502), have served to waive the stay (21 NY Jur, Estoppel, Ratification and Waiver, § 92). An order denying reargument is not appealable *(De Fabio v Nadler Rental Serv., supra).* Concur—Markewich, J. P., Kupferman, Lupiano, Silverman and Lynch, JJ.