OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff was injured when the taxi in which she was riding, owned by defendant Water Taxi, Inc., collided with a "hit and run” driver. She commenced arbitration proceedings pursuant to the uninsured motorist indorsement, and a legal action against Water Taxi, the driver Campbell and the driver’s employer, Ramp Maintenance Corp. In the proceeding as well as in the action, plaintiff sought $1,000,000 in damages. The arbitrator rendered an award for $2,500 noneconomic loss, which was reduced to judgment which in turn was satisfied by *764 Water Taxi, a self-insurer. Defendants in the legal action then moved for summary judgment, contending that the arbitration award bars this action. We agree.
It is well settled that the satisfaction of a judgment rendered against one tort-feasor discharges all joint tort-feasors from liability to the plaintiff (Bundt v Wallach's Auto Rental, 21 NY2d 1032, affg sub nom. Bundt v Embro, 27 AD2d 931; Restatement, Judgments, §95; see Goines v Pennsylvania R. R. Co., 6 AD2d 531, 533; cf. Walsh v New York Cent. & Hudson Riv. R. R. Co., 204 NY 58, 62-63).* Here, the arbitration award, which was reduced to judgment, and satisfied, represented a recovery against one of the joint tort-feasors, the hit-and-run driver. The arbitrator was authorized to award all sums which plaintiff would have been entitled to recover from the hit-and-run driver or owner, not to exceed $10,000 (Insurance Law, § 167, subd 2-a). As a joint tort-feasor, of course, the hit-and-run driver was legally responsible for the total amount of damages suffered, and not merely those stemming from his own conduct (see, e.g., Klinger v Dudley, 41 NY2d 362, 367; Restatement, Torts, § 875). Thus, the damages awarded by the arbitrator must be considered, prima facie, to be the total damages due plaintiff for her noneconomic loss.
Contrary to plaintiff’s contention, there is no indication that the arbitrator limited his award to those damages directly caused by the hit-and-run vehicle. The award itself stated:
"1. WATER TAXI, INCORPORATED hereinafter referred to as Respondent, shall pay to ROSA VELASQUEZ the sum of TWO THOUSAND FIVE HUNDRED DOLLARS ($2,500.00).
"2. The award is for non-economic loss. No issue as to economic loss was submitted to this arbitration.”
There is an outright direction that Water Taxi pay to Velazquez $2,500 with no limitation. Stipulation "2” is irrelevant for present purposes and at most explains that the award covers loss of a "non-economic” nature, since no claim or proof as to "economic loss was submitted to this arbitration.”
*765 Had plaintiff established that the arbitrator did adjudicate only the dollar value of the hit-and-run vehicle’s apportioned share of the liability, this might well be a different case. In a similar vein, there is no indication that the $10,000 maximum on uninsured motorist awards influenced the amount of damages set by the arbitrator. If the arbitrator had found that total damages were in excess of $10,000, surely he would not have awarded plaintiff the significantly lesser sum of $2,500.

 That personal injury and property damage give rise to two distinct causes action is a principle with which there is no quarrel. But that rule can find no application here, as plaintiff has not asserted separate claims for injury and property damage. Indeed, plaintiff has interposed no claim for property damage. Rather, she has sought to recover from one joint tort-feasor after satisfaction of judgment against another joint tort-feasor.