■ RICHARD GOLDEN et al., Respondents, v TRANSPORT TAXI & LIMOUSINE SERVICE, LTD., et al., Appellants. — In an action to recover damages for, *inter alia,* misrepresentation, defendants appeal from two orders of the Supreme Court, Suffolk County, dated October 4, 1979 and April 14, 1980, respectively, which (1) granted plaintiffs' motion to strike defendants' answer, and (2) denied defendants' subsequent motion for renewal (Special Term denominated the motion as one for reargument). Order dated April 14, 1980 modified, on the law and as a matter of discretion, by deleting therefrom the provision denying "reargument" and substituting therefor provisions that the motion to renew is granted and upon renewal the order dated October 4, 1979 is adhered to unless the defendants pay the plaintiffs the sum of $500 and appear for a deposition, in which case the order striking the answer is vacated and the motion to strike is denied. As so modified, order affirmed. Defendants shall pay the $500 within 10 days after service upon them of a copy of the order to be made hereon, together with notice of entry thereof. If the condition of payment is met, defendants are directed to appear at an examination before trial at the place designated in the order dated July 20, 1979 at a time to be fixed in a written notice of not less than 10 days, to be given by plaintiffs, or at such other time and place as the parties may agree. In the event the conditions are not complied with, then order affirmed. Appeal from the order dated October 4, 1979 dismissed as academic. Plaintiffs are awarded one bill of $50 costs and disbursements. Five days after service of defendants' verified answer, plaintiffs served a notice to take the pretrial deposition of the defendants. At defendants' request and with plaintiffs' consent, the deposition was adjourned four times. Subsequently, plaintiffs procured an order directing defendants to appear for an examination before trial on September 13, 1979. The order provided that there could be no adjournment without court permission. Nevertheless, defendants failed to appear on the date set and plaintiffs moved to strike defendants' answer unconditionally pursuant to CPLR 3126. Special Term granted the motion and denied defendants' subsequent motion for "renewal and reargument." Although Special Term denominated defendants' motion

as one for reargument, it is apparent that the additional information proffered made it one for renewal (see *Mindy's Wine Cellar v American & Foreign Ins. Co.,* 51 AD2d 650; *Turkel v I.M.I. Warp Knits,* 50 AD2d 543). While we recognize that defendants' failure to obey the court's order requires a judicial response, the circumstances do not warrant the drastic sanction of striking their answer (see *Szczepanski v Security Mut. Fire Ins. Co. of N.Y.,* 66 AD2d 818; *Newman v Chartered New England Corp.,* 63 AD2d 617; *Queens Farms Dairy v Consolidated Edison Co. of N.Y.,* 63 AD2d 696; *Cinelli v Radcliffe,* 35 AD2d 829). Nevertheless, relief to the defendants must be conditioned on the payment of costs to the plaintiffs, and defendants' appearance at an examination before trial, for which we have provided. Mollen, P.J., Hopkins, Lazer and Mangano, JJ., concur.