Susan Leto et al., Respondents, v Carmen Petruzzi et al., Appellants.

Second Department, June 29, 1981

APPEARANCES OF COUNSEL

*Pizzitola & DiBlasi (Lawrence B. Lame* and *Vincent A. DiBlasi* of counsel), for Carmen Petruzzi and another, appellants.

*Benjamin J. Sergi (Edward D. Lory* on the brief), for Slattery Contracting Company, Inc., appellant.

*Howard J. McGratty* for Karl Koch Erecting Company, Inc., appellant.

*William R. Johnson* for respondents.

### OPINION OF THE COURT

Mangano, J.

On this appeal, we consider whether an arbitration award in an amount equal to the full statutory limit of liability under an uninsured motorist indorsement in an automobile accident insurance policy bars a legal action for personal

injury by the arbitration claimant when there is no indication that the arbitration award represents the total damages due the claimant for noneconomic loss.

Susan Leto and her husband, Michael Leto, were injured when the automobile in which they were riding, owned by Joseph Bongiorno and operated by Carmen Petruzzi, collided with a "hit and run" automobile. As a result of the accident, the Letos commenced this negligence action against Bongiorno and Petruzzi, as well as two other defendants. They also commenced arbitration proceedings pursuant to the uninsured motorist indorsement contained in Bongiorno's automobile accident insurance policy. In the instant action, Susan Leto sought $250,000 damages for personal injuries and $5,000 for loss of consortium; Michael Leto sought $20,000 for personal injuries and $50,000 for both loss of consortium and expenses incurred due to his wife's injuries. In the arbitration proceeding, each sought $10,000 for loss due to personal injuries, the limit of liability under the policy. The arbitrator granted Susan Leto an award of $10,000 and Michael Leto an award of $1,000. These awards were reduced to a judgment, which was satisfied by Bongiorno's insurance company. Defendants then moved herein for summary judgment, contending that the arbitration awards barred this action. The motions were originally granted in their entirety. Upon the reargument of these motions, Special Term decided that although the arbitration award to Michael Leto would bar those causes of action based on the injuries he had sustained, the award to Susan Leto would not bar those causes of actions based on her injuries.

We agree.

In *Velazquez v Water Taxi* (49 NY2d 762, 764), the Court of Appeals restates the settled law "that the satisfaction of a judgment rendered against one tort-feasor discharges all joint tort-feasors from liability to the plaintiff". The court also states that, when an arbitration award made pursuant to the "hit and run" provisions of an uninsured motorist indorsement is reduced to judgment and satisfied, it will represent a recovery against one of the joint tort-feasors, viz., the "hit and run" driver. The court reasons, therefore, that, since the "hit and run" driver is a joint tort-

feasor, he is legally responsible for the total amount of damages suffered, and not merely those resulting from his own conduct. Consequently, it was held in *Velazquez (supra,* p 764) that, if there is an arbitration award under an uninsured motorist indorsement, then, in any legal action by the arbitration claimant for the same injuries, such an award must be accepted, prima facie, as being the total damages due for noneconomic loss.

Nevertheless, *Velazquez* suggests that there is a limitation to this holding. It points out (p 764) that the "arbitrator was authorized to award all sums which plaintiff would have been entitled to recover from the hit-and-run driver or owner, not to exceed $10,000" (Insurance Law, § 167, subd 2-a). It thus observes (p 765) : "Had plaintiff established that the arbitrator did adjudicate only the dollar value of the hit-and-run vehicle's apportioned share of the liability, this might well be a different case. In a similar vein, there is no indication that the $10,000 maximum on uninsured motorist awards influenced the amount of damages set by the arbitrator. If the arbitrator had found that total damages were in excess of $10,000, surely he would not have awarded plaintiff the significantly lesser sum of $2,500."

We understand the Court of Appeals to mean, and so hold, that, where the arbitrator's award under an uninsured motorist indorsement is for less than $10,000, such award must be considered, prima facie, to be the total damages due for noneconomic loss, unless the arbitrator indicates that it is limited to the damages caused by the "hit and run" vehicle. However, where the arbitrator's award is for $10,000, i.e., the maximum statutory amount, it shall not be considered to be the total damages due for noneconomic loss, unless the arbitrator so indicates.

In the case at bar, the arbitrator awarded Susan Leto $10,000 upon her claim for loss due to personal injuries. In granting this amount, i.e., the full limit of liability under the policy and the Insurance Law, the arbitrator expressed no opinion as to whether such an award would fully compensate her for her noneconomic loss. Wherefore, the arbitration award to Susan Leto cannot be accepted, prima facie, as her total damages for noneconomic loss, and, thus,

will not bar her cause of action for personal injuries, nor Michael Leto's derivative action based on those injuries.

We have examined such of defendants' remaining contentions as are preserved and have found them to be without merit.

Accordingly, the order appealed from must be affirmed.

DAMIANI, J. P., LAZER and GIBBONS, JJ., concur.

Order of the Supreme Court, Kings County, dated July 29, 1980, affirmed insofar as appealed from, with one bill of $50 costs and disbursements payable joinly by appellants appearing separately and filing separate briefs.