■ HEDWIG PFEIFFER, Respondent-Appellant, v ALLSTATE INSURANCE COMPANY, Appellant-Respondent.—In an action upon the uninsured motorist indorsement of a contract of insurance to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Kings County (Jordan, J.), dated January 31, 1986, as denied its cross motion for summary judgment and the plaintiff cross-appeals from so much of the same order as denied her motion for summary judgment on the issue of the defendant's liability.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff, Hedwig Pfeiffer, was injured while riding as a passenger in her husband's automobile when it collided with an uninsured vehicle. The plaintiff's husband, Samuel, was insured by the defendant Allstate Insurance Company (hereinafter Allstate). The subject policy contained an uninsured motorist indorsement which provided for coverage to the limit of $100,000. The policy also provided that any disputes between the insured and the insurer were to be settled by arbitration. Any award not exceeding the statutory limit of

$10,000 prescribed in the Insurance Law would be binding. Where an award exceeded $10,000, either party had a right to trial on all issues in a court of competent jurisdiction. The plaintiff made a claim for noneconomic loss under the indorsement. The defendant disputed the claim and the matter proceeded to arbitration in which a $40,000 award was rendered in favor of the plaintiff.

Subsequently, the plaintiff commenced an action to recover damages up to the policy limit of $100,000. She also made an application to confirm the arbitration award only to the extent of $10,000. The application was granted, the award was reduced to judgment and the defendant paid $10,000 to the plaintiff.

Thereafter, the plaintiff moved for summary judgment on the issue of liability under the principles of collateral estoppel and res judicata, alleging that the confirmed arbitrator's award had determined the issue of the defendant's liability. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint on the ground that the confirmed arbitration award represented a bar to the judicial proceeding. The Supreme Court, Kings County, denied both motions and we conclude that this determination was proper.

The doctrine of res judicata is as applicable to arbitration awards as it is to judicial proceedings *(see, Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.],* 43 NY2d 184, 189-190). The general principle behind the doctrine, as well as behind the concepts of splitting a cause of action, merger and bar, which are applications of the general res judicata principle, is that with respect to a single matter there should not be more than a single lawsuit, so as to prevent harassment and vexatious litigation *(see,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.15). Upon this appeal, the defendant urges that the plaintiff is improperly attempting to split her cause of action. We cannot agree.

In the case at bar, the $10,000 cannot be considered the plaintiff's total damages, since the arbitrator expressed the opinion that the plaintiff was damaged to the extent of $40,000. The plaintiff was required to arbitrate as an initial remedy and could not have commenced the judicial proceeding prior to the determination of the arbitrator *(see, Leto v Petruzzi,* 81 AD2d 296). Thus, the arbitration award was not a bar to the instant suit. This result is consistent with the principles behind the doctrines of res judicata and "splitting"

since the plaintiff's lawsuit is not meant to harass the defendant, but merely to collect the amount of damages to which she believes she is entitled.

The plaintiff's motion for summary judgment was also properly denied. The arbitrator's award is devoid of any indication concerning whether the plaintiff was comparatively negligent or to what extent such negligence existed. In addition, the insurance contract calls for a trial on all issues in a court of competent jurisdiction, at the option of either party where an arbitration award exceeded $10,000. We, therefore, conclude that all issues must be resolved at a trial. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.