■ PATRICIA GIBE, Appellant, v FRANK E. HAJEK, JR., Respondent, et al., Defendants.—In an action to recover damages for personal injuries sustained in a motor vehicle accident, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated November 2, 1988, which granted the defendant Frank E. Hajek's motion to dismiss the complaint insofar as it is asserted against him.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is denied, the complaint is

reinstated insofar as it is asserted against the respondent, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

The plaintiff was injured when the respondent's car, in which she was a passenger, collided with an uninsured vehicle. The plaintiff filed a claim for uninsured motorist benefits under the respondent's insurance policy and the claim was submitted to arbitration. The plaintiff does not dispute that at the outset of the arbitration hearing she requested that the arbitrator limit his ruling to the uninsured motorist benefits. The arbitrator awarded the plaintiff $7,500, stating "[t]his award is in full settlement of all claims submitted to this arbitration". The plaintiff subsequently commenced the instant action against the respondent and other defendants. The Supreme Court granted the respondent's motion to dismiss the complaint insofar as it is asserted against him on the ground that the action was barred under the doctrine of collateral estoppel by the arbitration award.

This court has held that "where the arbitrator's award under an uninsured motorist indorsement is for less than $10,000 [the statutory maximum for noneconomic loss] such award must be considered, prima facie, to be the total damages due for noneconomic loss, unless the arbitrator indicates that it is limited to the damages caused by the 'hit and run' vehicle" *(Leto v Petruzzi,* 81 AD2d 296, 298). We find that the award in the instant case was so limited *(see, Velazquez v Water Taxi,* 49 NY2d 762; *Pfeiffer v Allstate Ins. Co.,* 136 AD2d 532). Furthermore, an arbitration award may be given preclusive effect in subsequent litigation only if it is confirmed and reduced to judgment pursuant to CPLR 7510 and 7514 *(see, Nastasi v Artenberg,* 130 AD2d 469; *Leddy v Standard Drywall,* 875 F2d 383). This arbitration award was never reduced to judgment. Therefore, the award does not bar this action. Thompson, J. P., Brown, Balletta, Miller and O'Brien, JJ., concur.