(November 19, 1991)

■ ELIZABETH BLANCO et al., Infants, by Their Mother and Natural Guardian, BERTA BLANCO, et al., Respondents, v J&B ASSOCIATES, Appellant.—Order of the Supreme Court, Bronx County (Alan J. Saks, J.), entered on or about September 25, 1990, which denied the defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, the motion granted and the complaint dismissed, with costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint, with costs.

In a prior action, the infant plaintiffs, Elizabeth and Elsa

Blanco, represented by their mother and legal guardian Berta Blanco, each obtained a judgment in the amount of $1,000,000 as compensation for injuries caused by the ingestion of lead at premises owned by the defendants to that action, Vijay Apartments, Inc. and Magenta Development Corporation. Thereafter, the judgments were compromised as provided in the parties' Release and Settlement Agreements, and Orders of Compromise reflecting these agreements were duly entered. Pursuant to these orders the defendants' insurer consented, *inter alia,* to fund separate annuities for the children with initial contributions of $475,000 per child. The children were guaranteed payments for at least forty years which would aggregate to well over $2.7 million for each child. The payments were to continue if the children lived longer than the initial forty year period. In consideration for having funded these annuities in satisfaction of the earlier entered judgments to whose compromise the parties had agreed, the plaintiffs, by their mother, whose authority to have done so is undisputed, executed two releases generally discharging the defendants and their "administrators, successors and assigns" from liability. Shortly after the execution of these releases, however, the plaintiffs commenced a second action, the one with which we now deal, to recover for the same injuries; the present defendant, J&B Associates, managed and subsequently succeeded to the ownership of the subject premises during the period when the plaintiffs' injuries were allegedly sustained. J&B has moved to have the action against it dismissed, and it is clear that its motion ought to have been granted. Although an unsatisfied judgment will not constitute a bar to a plaintiff's assertion of claims against joint tortfeasors (CPLR 3002 [a]), once the judgment is satisfied it is deemed to constitute the plaintiff's election of his or her remedy *(Velazquez v Water Taxi,* 49 NY2d 762; *Davidson v Conole,* 79 AD2d 43; *Leto v Petruzzi,* 81 AD2d 296; *Goines v Pennsylvania R. R. Co.,* 6 AD2d 531) and a claim inconsistent with that election may not thereafter be asserted. Accordingly, "[i]t is well settled that the satisfaction of a judgment rendered against one tortfeasor discharges all joint tort-feasors from liability to the plaintiff *(Bundt v Wallach's Auto Rental,* 21 NY2d 1032, affg *sub nom. Bundt v Embro,* 27 AD2d 931; Restatement, Judgments, § 95; see *Goines v Pennsylvania R. R. Co.,* 6 AD2d 531, 533; cf., *Walsh v New York Cent. & Hudson Riv. R. R. Co.,* 204 NY 58, 62-63)". *(Velazquez v Water Taxi, supra,* at 764.) It follows that here, the plaintiffs, having obtained satisfaction of the judgments entered in the prior action, have elected their

remedy and may not now pursue their claim once more against J&B, whose status, for present purposes, as a joint tortfeasor is unarguable. Concur—Murphy, P. J., Sullivan, Kassal and Smith, JJ.