◼ DOROTHY A. STUZIN et al., Appellants, v PIZZA HUT, Respondent. [659 NYS2d 573] —Mercure, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered March 6, 1996 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Dorothy A. Stuzin (hereinafter plaintiff) sustained the injuries forming the basis for this action in a November 8, 1991 collision between an automobile driven by plaintiff's husband, plaintiff Lester Stuzin, and another vehicle owned by Paul Broer and operated by Lise Broer. It is presently undisputed that Lise Broer was solely responsible for the accident and that the accident occurred in the course of her employment as a pizza delivery person for defendant. Plaintiffs commenced a personal injury action against Paul Broer and Lise Broer and thereafter commenced the present action against defendant to recover for the same injuries on the basis of defendant's vicarious liability. The two actions were never consolidated.

Defendant initially defaulted in defense of this action and, following an inquest on damages, judgment was entered in favor of plaintiffs in the amount of $203,708.29. Defendant thereafter moved to vacate the default judgment. On May 5, 1995 and during the pendency of defendant's vacatur motion, plaintiffs' action against the Broers proceeded to arbitration by consent of the parties thereto. On May 10, 1995, the arbitrator made a total award of $26,500. Subsequently, Supreme Court granted defendant's motion to vacate the default judgment to the extent of vacating the damage award against it. Then, contending that the arbitrator's determination was conclusive on the issue of damages, defendant moved for summary judgment, as relevant here, on the basis of the doctrine of collateral estoppel. Supreme Court granted the motion and this appeal ensued.

We affirm. As the party seeking the benefit of the doctrine of collateral estoppel, it was defendant's burden to show that "[the] issue in the present proceeding [is] identical to that nec-

---

essarily decided in a prior proceeding" (*Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, 276, *cert denied* 488 US 1005; *see, Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501). In our view, defendant has demonstrated that the damages being sought in this action for injuries sustained in the November 8, 1991 accident are necessarily identical to those determined in the prior action against Paul Broer and Lise Broer.

Plaintiffs, on the other hand, have failed to meet their burden of establishing that they were not afforded a full and fair opportunity to litigate the issue in the prior proceeding (*see, Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456; *Ryan v New York Tel. Co.*, *supra*, at 501). Making the required "practical inquiry into the realities of the litigation" (*Matter of Halyalkar v Board of Regents*, 72 NY2d 261, 268), we are not persuaded that plaintiffs were in any way constrained in arbitrating the issue of damages. Rather, the record demonstrates that plaintiffs freely agreed to arbitration of the claim and in that forum were represented by counsel and afforded the opportunity to introduce evidence and to present and cross-examine witnesses. Although the Broers' $25,000 insurance policy may have provided the motivation for plaintiffs' consent to arbitration, the record is devoid of probative evidence to support the claim that the arbitrator's award was in any way tailored to fit the available coverage. Quite the contrary, the arbitrator's decision indicated that the award was based on the medical evidence that was submitted in the arbitration proceeding.

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.