■ JOHN AMODEO et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 78914.) [683 NYS2d 337] —Yesawich Jr., J. Appeal from an order of the Court of Claims (McNamara, J.), entered September 11, 1997, which denied claimants' motion for reconsideration of a prior order granting the State's motion for summary judgment dismissing the claim.

Claimants' real property, located in the Town of Marlborough, Ulster County, was damaged when alterations made to a highway drainage system caused surface water to erode their land. Seeking money damages, claimants initiated two negligence actions: one against the County of Ulster, in Supreme Court, and the instant action against the State, in the Court of Claims. Following a bench trial, Supreme Court found that the County did not have an easement to drain water on claimants' land and that in doing so it had damaged claimants' property in the amount of $17,000, with interest running from August 17, 1988.

Thereafter, the State, relying on the concept of collateral estoppel, moved in the Court of Claims for summary judgment dismissing the claim. The granting of that motion and the denial of claimants' subsequent motion—styled as one "for leave to reargue, vacate or modify" the order granting summary judgment—prompted this appeal.

Claimants' motion was not, as the State contends, one seeking reargument, the denial of which is unappealable (*see, e.g., R-H-D Constr. Corp. v Miller*, 222 AD2d 802, 803; *Suarez v State of New York*, 193 AD2d 1037, 1038), but rather is more properly characterized as one seeking leave to renew (*see, Mindy's Wine Cellar v American & Foreign Ins. Co.*, 51 AD2d 650, 651), or to vacate an excusable default, pursuant to CPLR 5015 (a) (1). Having considered the merits of claimants' arguments, however, we are of the view that their application was properly denied, for the additional evidence tendered therewith would not have warranted a different outcome on the underlying motion (*see, Suffolk & Nassau Amusement Co. v Wurlitzer Co.*, 24 AD2d 893, 894, *lv dismissed* 17 NY2d 669).

It is apparent from the record that claimants' suit against the State is virtually identical to that brought in Supreme Court against the County, which was fully litigated and resulted in a judgment in claimants' favor that has been fully satisfied, thereby releasing all potential tortfeasors, including the State (*see, Blanco v J&B Assocs.*, 177 AD2d 370, 371). Moreover, claimants' assertion that the proof introduced, and the damages awarded, in the Supreme Court action were limited to the time period prior to August 17, 1988 is belied by the record, which indicates that the $17,000 awarded claimants was intended to provide complete compensation for all of the harm occasioned by the negligent acts that damaged their property. In this regard, it is not insignificant that claimants' amended bill of particulars in that action purported to detail the costs of, *inter alia*, "the permanent correction of the condi-

tion created by the defendants"; in keeping therewith, the evidence adduced at trial established that the repairs for which claimants sought reimbursement were intended to stop the flow of water onto their property. Inasmuch as Supreme Court, after considering this proof, expressly concluded that the amount awarded was sufficient to compensate plaintiffs for the "fair and reasonable cost of correcting the damage" caused by the alteration of drainage patterns, claimants' argument that they had no opportunity to prove the full amount of their damages lacks conviction.

Mikoll, J. P., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.