■ NADJA SEARCHWELL, Respondent, v L.G.A. TRANSPORTATION, INC., et al., Defendants, and DARRION A. BROWN, Appellant. [762 NYS2d 830] —In an action to recover damages for personal injuries, the defendant Darrion Brown appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated November 7, 2001, which affirmed so much of an order of the Civil Court, Queens County, entered July 20, 2000, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order of the Appellate Term is affirmed, with costs.

The plaintiff was injured when her car, which was driven by the appellant and in which she was a passenger, collided with an uninsured vehicle. The plaintiff subsequently filed a claim for uninsured motorist benefits under the uninsured motorist endorsement of her insurance policy, and an arbitrator awarded her less than the $10,000 statutory maximum available for noneconomic loss.

The appellant contends that since the arbitrator awarded the plaintiff less than the $10,000 statutory maximum, the award must be presumed to constitute her total recovery for noneconomic loss, and she is barred from seeking additional recovery from joint-tortfeasors for the same injuries. Where, as here, an arbitrator awards less than $10,000 for noneconomic loss under an uninsured motorist endorsement, "such award must be considered, prima facie, to be the total damages due for noneconomic loss, unless the arbitrator indicates that it is limited to the damages caused by" the uninsured vehicle (*Leto v Petruzzi,* 81 AD2d 296, 298 [1981]; *see Velazquez v Water Taxi,* 66 AD2d 691 [1978], *affd* 49 NY2d 762 [1980]; *Gibe v Hajek,* 166 AD2d 502 [1990]). Contrary to the appellant's conten-

tion, the language of the subject arbitration award reflects an intent to limit damages to the uninsured vehicle's apportioned share of liability. Accordingly, the arbitrator's award does not bar the plaintiff from pursuing this action against the appellant (*see Gibe v Hajek, supra*; *cf. Velazquez v Water Taxi, supra*). Similarly, since the language of the award does not indicate that it was intended to represent the total compensation to which the plaintiff is entitled for her injuries, it cannot be accorded preclusive effect under the doctrines of res judicata and collateral estoppel (*cf. Velazquez v Water Taxi, supra*). Accordingly, the Appellate Term properly concluded that the appellant failed to establish, as a matter of law, that he is entitled to summary judgment dismissing the complaint insofar as asserted against him based upon his affirmative defenses of arbitration and award and collateral estoppel. Feuerstein, J.P., Friedmann, Luciano and Townes, JJ., concur.