■ RAYMOND J. SPASIANO, Respondent, v PROVIDENT MUTUAL LIFE INSURANCE COMPANY et al., Appellants, et al., Defendant. [770 NYS2d 534]—

Appeal from that part of an order of Supreme Court, Erie County (Makowski, J.), entered June 14, 2002, that denied the motion of defendants Provident Mutual Life Insurance Company and William Moore to dismiss the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendants Provident Mutual Life Insurance Company and William Moore in part and dismissing the complaint against defendant Provident Mutual Life Insurance Company and providing that the amount of compensatory damages recoverable against defendant William Moore in this action may not exceed $306,700 and as modified the order is affirmed without costs.

Memorandum: In this libel action, defendants Provident Mutual Life Insurance Company (Provident Mutual) and William Moore appeal from an order denying their motion seeking dismissal of the complaint against them based on, inter alia, res judicata and collateral estoppel (see CPLR 3211 [a] [5]). After Provident Mutual terminated plaintiff's employment, 1717 Capital Management Company (1717 Capital), a wholly owned subsidiary of Provident Mutual, filed a uniform termination notice for securities industry registration (U-5 notice) with the National Association of Securities Dealers (NASD) indicating

the reasons for the termination. Plaintiff filed a claim with NASD against 1717 Capital, alleging that the U-5 notice was defamatory and seeking both expungement of the U-5 notice and compensatory damages. The claim went to arbitration, and an award was entered by an arbitration panel expunging the U-5 notice as defamatory and directing the payment of $306,700 in compensatory damages. Supreme Court vacated the award of compensatory damages and confirmed that portion of the award expunging the U-5 notice. We modified that order by confirming the arbitration award in its entirety and ordering that judgment be entered in favor of petitioner (the plaintiff herein) in the amount of $306,700 (*Matter of Spasiano [1717 Capital Mgt. Co.]*, 2 AD3d 902 [2003]).

The arbitration claim was based on the contention that the reasons given by Provident Mutual and 1717 Capital for terminating plaintiff were false and defamatory, based on slanderous statements made by defendant Sabrina Gallagher and Moore. Plaintiff commenced the present action against Provident Mutual, Gallagher and Moore based on the same alleged defamation and slander.

Provident Mutual contends that the court erred in denying that part of the motion of Provident Mutual and Moore seeking dismissal of the complaint against Provident Mutual based on res judicata. We agree. Res judicata applies to the parties involved in litigation and those with whom they were in privity (*see Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]), and it "applies to arbitration awards . . ., even awards not judicially confirmed" (*Matter of Pinnacle Envt. Sys. [Cannon Bldg. of Troy Assoc.]*, 305 AD2d 897, 898 [2003]). The record establishes that Provident Mutual directed the defense of the arbitration claim by its wholly owned subsidiary, 1717 Capital, and thus the requisite privity exists between Provident Mutual and 1717 Capital for purposes of res judicata (*see generally Green v Santa Fe Indus.*, 70 NY2d 244, 253-254 [1987]). The previous arbitration and award serves as a bar to the instant action against Provident Mutual because the instant action "is premised on the same series of transactions passed upon by the [arbitration panel]" (*McNally Intl. Corp. v New York Infirmary Beekman Downtown Hosp.*, 145 AD2d 417, 418 [1988], *lv denied* 74 NY2d 605 [1989]; *cf. Shoulders v Brown*, 224 AD2d 960, 961 [1996]). We reject plaintiff's contention that the applicability of res judicata depends upon whether the judgment against 1717 Capital has been satisfied. It is only under the doctrine of election of remedies, which has not been invoked here, that "the satisfaction of a judgment rendered against one

tort-feasor discharges all joint tort-feasors from liability to the plaintiff" (*Velazquez v Water Taxi*, 49 NY2d 762, 764 [1980]; *see* CPLR 3002 [a]). We therefore modify the order accordingly.

We also agree with Moore that, pursuant to the doctrine of collateral estoppel, the court erred in denying that part of the motion of Provident Mutual and Moore seeking to limit the amount of compensatory damages recoverable against Moore. Contrary to plaintiff's contention, collateral estoppel effect may be given to a previous determination of damages by an arbitrator where the injuries in each instance "are necessarily identical" (*Stuzin v Pizza Hut*, 241 AD2d 647, 648 [1997]; *see Guard-Life Corp. v S. Parker Hardware Mfg. Corp.*, 50 NY2d 183, 196-197 [1980]; *cf. Mulder v Donaldson, Lufkin & Jenrette*, 208 AD2d 301, 308 [1995]). There is no dispute here that plaintiff had a full and fair opportunity at arbitration to litigate the amount of compensatory damages arising from the termination of his employment and harm to his reputation. We conclude that, in the present action, he seeks compensatory damages for the same injury, and thus the amount of compensatory damages recoverable against Moore in this action may not exceed $306,700 (*see generally Guard-Life Corp.*, 50 NY2d at 197-198). We therefore further modify the order accordingly. We have considered Moore's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Wisner, Kehoe, Lawton and Hayes, JJ.