■ LEONARD J. AUGELLO, Appellant-Respondent, v LAURA KOENIG-RIVKIN, Respondent-Appellant, and ANDREW JAY NILL, Respondent. [888 NYS2d 547]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated September 3, 2008, as denied his cross motion for summary judgment on the issue of liability and granted those branches of the separate motions of the defendants which were pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them to the extent of limiting his recovery, if any, to the sum of $175,000, and the defendant Laura Koenig-Rivkin cross-

appeals, as limited by her notice of cross appeal and brief, from so much of the same order as granted that branch of her motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against her only to the extent of limiting the plaintiff's recovery, if any, to the sum of $175,000.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiff to the defendant-respondent.

The evidence submitted by the plaintiff in support of his cross motion for summary judgment on the issue of liability failed to demonstrate the absence of a triable issue of fact as to the defendants' alleged negligence (see Morrison v Montzoutsos, 40 AD3d 717, 718 [2007]; Martinez v Mendon Leasing Corp., 295 AD2d 408, 409 [2002]; Mundo v City of Yonkers, 249 AD2d 522, 523 [1998]; Schneiderman v Metzger, 30 AD2d 829, 830 [1968]; see also Ugarriza v Schmieder, 46 NY2d 471, 475-476 [1979]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the plaintiff's cross motion was properly denied, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 853 [1985]; Cendant Car Rental Group v Liberty Mut. Ins. Co., 48 AD3d 397, 398 [2008]).

The Supreme Court also properly granted those branches of the separate motions of the defendants which were pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them to the extent of limiting the plaintiff's recovery. The court properly limited the plaintiff's recovery to the sum of $175,000, the amount awarded by an arbitrator in a separate proceeding regarding the plaintiff's claim against nonparty New York Central Mutual Fire Insurance Company (hereinafter NYCM) for supplemental underinsured motorist benefits (hereinafter SUM benefits). In the arbitration proceeding, the plaintiff was awarded the sum of $175,000 in SUM benefits under an insurance policy issued by NYCM to the plaintiff which contained a SUM endorsement with maximum policy limits in the amount of $250,000. Since the amount of the arbitration award was less than the maximum limits of the SUM endorsement, "the damages awarded by the arbitrator must be considered, prima facie, to be the total damages due plaintiff for her noneconomic loss" (Velazquez v Water Taxi, 49 NY2d 762, 764 [1980]; see Leto v Petruzzi, 81 AD2d 296, 298 [1981]).

Contrary to the plaintiff's contention, the arbitrator did not indicate that the award was limited to the damages caused by the underinsured vehicle (see Velazquez v Water Taxi, 49 NY2d at 764; Leto v Petruzzi, 81 AD2d at 298; cf. Searchwell v L.G.A.

*Transp.*, 307 AD2d 348, 348-349 [2003]). Accordingly, the Supreme Court properly gave collateral estoppel effect to the previous determination of damages by the arbitrator which was based on the medical evidence proffered by the plaintiff and where the injuries pertained to the same accident and thus, "are necessarily identical" (*Stuzin v Pizza Hut*, 241 AD2d 647, 648 [1997]; *see Spasiano v Provident Mut. Life Ins. Co.*, 2 AD3d 1466, 1468 [2003]; *see generally Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 196-197 [1980]).

The remaining contentions of the defendant Laura Koenig-Rivkin on her cross appeal are without merit, as the issue of liability was not previously determined in the arbitration proceeding (*see generally Buechel v Bain*, 97 NY2d 295, 303-304 [2001]). In this regard, we note that the plaintiff correctly concludes in his briefs on the appeal that he "should be allowed to continue with [this] action[ ] against the [defendants], protecting NYCM['s] . . . subrogation" rights pursuant to the release plaintiff signed, inter alia, obligating him to recover, on NYCM's behalf, the SUM benefits awarded him in the arbitration (*see generally Augello v Koenig-Rivkin*, 56 AD3d 503 [2008]). Rivera, J.P., Florio, Miller and Austin, JJ., concur. [*See* 20 Misc 3d 1141(A), 2008 NY Slip Op 51816(U).]