Jackson v 170 W. End Ave. Owners Corp. (2021 NY Slip Op 00625)





Jackson v 170 W. End Ave. Owners Corp.


2021 NY Slip Op 00625


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Shulman, JJ. 


Index No. 150236/17 Appeal No. 13031 Case No. 2020-03108 

[*1]Sabrina Jackson, Plaintiff-Respondent-Appellant,
v
170 West End Avenue Owners Corp. et al., Defendants-Appellants-Respondents.


Gallo Vitucci Klar LLP, New York (Yolanda L. Ayala of counsel), for appellants-respondents.
Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about June 23, 2020, which granted defendants 170 West End Avenue Owners Corp. (Owners Corp.) and FirstService Residential New York Inc.'s (FirstService) motion to amend their answer and plaintiff's cross motion to amend the complaint, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, with respect to defendants' motion, and appeal therefrom otherwise dismissed, without costs, as academic.
On September 20, 2016, plaintiff tripped and fell while traversing West 69th Street between Amsterdam and West End Avenues. In January 2017, she commenced this action against Owners Corp., FirstService, and another defendant not relevant to this appeal. Plaintiff alleged that Owners Corp. owned the premises at 170 West End Avenue, and, in their verified answer, defendants admitted this. In November 2017, plaintiff filed an amended verified complaint. She again alleged that Owners Corp. owned the premises at 170 West End Avenue, and defendants again admitted this in their verified amended answer.
On December 6, 2018, the general manager of FirstService was deposed. She testified that the 69th Street driveway was owned by 170 West End Avenue Condominium. She explained that 170 West End Avenue is a cond-op and that Owners Corp. owns the residential units, which comprise 99.4% of the condo.
On September 25, 2019 — five days after the statute of limitations expired — Owners Corp. and FirstService moved to amend their answer to deny Owner Corp.'s ownership of the premises. Plaintiff cross-moved to amend the complaint to add the Board of Managers of the 170 West End Avenue Condominium (Board) as a defendant.
Owners Corp. and FirstService may not amend their answer in this manner after the statute of limitations has expired; the amendment would be too prejudicial to plaintiff (see Griffin v Columbia Univ., 51 AD2d 896 [1st Dept 1976]; see also Drescher v Mirkus, 211 App Div 763, 763-764 [1st Dept 1925]).
In light of our reversal of the amendment of the answer, it is academic whether plaintiff may add the Board as a defendant. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021