GOTTHELF v. KRULEWITCH et al.

(Supreme Court, Appellate Division, First Department. December 13, 1912.)

1. JUDGMENT (§ 880*)—PAYMENT BY PERSON OTHER THAN PARTY.

When a judgment is wholly or partly paid by one who is not a party to nor bound by it, whether the judgment is extinguished depends on the intention of the party paying.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1657–1659; Dec. Dig. § 880.*]

2. JUDGMENT (§ 878*)—PAYMENT BY PERSON JOINTLY LIABLE.

Where one of several defendants against whom there is a joint judgment pays the entire sum due to the other party, the judgment is extinguished, regardless of the intention of the parties, and they cannot by any arrangement keep the judgment alive for the benefit of the party making a payment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1653–1656; Dec. Dig. § 878.*]

3. JUDGMENT (§ 880*)—PAYMENT BY PERSON JOINTLY LIABLE.

One of several judgment debtors offered his check for the amount of the judgment to the judgment creditor, who refused to receive it. He then arranged with his attorneys to accept his check and give their check to the judgment creditor, representing to his attorneys that there were funds on deposit sufficient to meet his check. The attorneys satisfied the judgment and received the satisfaction piece under an agreement that they should retain it until the debtor's check was collected. The check was not paid, and the judgment debtor subsequently became bankrupt. *Held*, that the judgment was satisfied, since the payment by the attorneys was in effect a payment by the judgment debtor; but, if regarded as payment by a stranger, there was no intention that the judgment should be kept alive, and hence another judgment debtor could compel the attorneys to file the satisfaction piece.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1657–1659; Dec. Dig. § 880.*]

Appeal from Special Term, New York County.

Action by Samuel Gotthelf against Julius Krulewitch and others. From an order denying a motion by him to compel defendant's attorneys, House, Grossman & Vorhaus to turn over satisfaction of the judgment, defendant Krulewitch appeals. Reversed, and motion granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P: J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Jacob Harris, of New York City, for appellant.
Charles Goldzier, of New York City, for respondents.

DOWLING, J.   On June 29, 1911, Samuel Gotthelf recovered judgment against Julius Krulewitch, Charles Whitcup, Morris G. Samuels, and M. G. Samuels & Co. in the sum of $1,707.05, the balance due upon a promissory note made by the two latter, and indorsed by the two former, defendants.   Thereafter, on July 5, 1911, Morris G. Samuels sought to pay the judgment by check upon the International Trust Company, of Boston, Mass., which plaintiff's attorney declined to accept.   Samuels then induced his attorneys, Messrs. House, Grossman & Vorhaus, to give their own check to plaintiff's attorney, upon his representation that a check upon the said Trust Company, drawn by M. G. Samuels & Co. to the order of House, Grossman & Vorhaus, dated July 5, 1911, in the sum of $1,707.05, was good, and that funds were on deposit therein sufficient to meet it.   The attorneys thereupon accepted the Samuels check, and gave their own check for $1,707.05 to plaintiff's attorney, whereupon he delivered to them a satisfaction piece of the judgment.   The affidavit of the attorney representing the firm sets forth that:

"It was agreed upon between this deponent, acting in behalf of House, Grossman & Vorhaus, as aforesaid, and the said Morris G. Samuels, that the said satisfaction piece should remain in the hands of House, Grossman & Vorhaus until the said check upon the International Trust Company, aforesaid, copy of which is annexed hereto, was paid by the said bank, and that upon that condition alone the said House, Grossman & Vorhaus advanced the said sum of $1,707.05 out of their own money for the payment of the said judgment, and no part of the said money in anywise came from either of the defendants in the action."

When the Samuels check was presented by House, Grossman & Vorhaus at the Trust Company on July 17, 1911, there were not sufficient funds on deposit to meet it, and it went to protest.   Thereafter Morris G. Samuels paid $497.98 on account to his attorneys, but they have never received the balance, and, as M. G. Samuels & Co. have been adjudged bankrupts and proceedings in bankruptcy have been commenced against Morris G. Samuels, their prospects of a speedy receipt of the balance are not encouraging.   Krulewitch, one of the judgment debtors, now seeks to compel the delivery up of the satisfaction piece to be filed, or in lieu thereof that a new satisfaction piece may be directed to be executed by plaintiff.   The attorneys resist the application, upon the ground that they are entitled to hold the satisfaction piece until the balance due them is paid.

[1, 2]   While it is undoubtedly true that, where the amount due upon a judgment is paid wholly or in part by one who is not a party to nor bound by it, the judgment is extinguished or not according to the intention of the party paying (Harbeck v. Vanderbilt, 20 N. Y. 395; 23 Cyc. 1472), yet it is equally true that, where one of several defendants against whom there is a joint judgment pays to the other party

.the entire sum due, the judgment becomes thereby extinguished, whatever may be the intention of the parties to the transaction, and it is not in their power, by any arrangement between them, to keep the judgment alive for the benefit of the party making the payment (Harbeck v. Vanderbilt, supra).

[3] Here the payment by the attorneys was really payment by Samuels, who tried to satisfy the judgment directly, but could not give a check satisfactory to plaintiff's attorney. But, if viewed as a payment by a stranger to the record, then it is plain, from the affidavit of plaintiff's attorney, and of Alfred J. Wolff as well, that as between the judgment creditor and House, Grossman & Vorhaus the transaction was simply one of a payment in full of the judgment and its satisfaction, with no thought or arrangement that the judgment should be kept alive for any purpose. When the judgment was paid absolutely, and the satisfaction piece given, Krulewitch became entitled to the benefit of the payment, and to the filing of the satisfaction piece, that his real property might be released from the lien of the judgment. The loss which must unfortunately fall upon the attorneys, who acted in entire good faith in the matter, is due to their mistaken reliance upon the representations of Samuels, and not to any act of plaintiff or of Krulewitch.

. The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion granted, without costs. All concur.