JOSEPH MAY, Appellant, Respondent, v. H. HOBART PORTER and Others, as Executors, etc., of CHARLES H. DITSON, Deceased, Respondents, and DITSON DISTRIBUTORS, INC., Appellant.— On plaintiff's appeal, order, so far as appealed from, dismissing the first cause of action contained in the further amended complaint in an action to recover damages for the breach of a contract, reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. In our opinion, the first cause of action in the further amended complaint is one upon an original contract made by the decedent personally with the plaintiff and not a contract for the debt, default or miscarriage of the corporate defendant. On the appeal by the corporate defendant, the same order, so far as appealed from, is affirmed, without costs. Defendants may answer within ten days from the entry of the order herein. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.

FRED MEDART MANUFACTURING COMPANY, a Foreign Corporation, Respondent, v. WILLIAM F. RAFFERTY and Another, Defendants, and MINNIE RAFFERTY, as Executrix, etc., of WILLIAM F. RAFFERTY, Deceased, Appellant.— Order granting plaintiff's motion in a replevin action to permit it to offer proof of the value of chattels and upon determination of their value to resettle the judgment entered upon a stipulation or agreement of settlement, and order fixing the value of the chattels and resettling the judgment, reversed on the law, with ten dollars costs and disbursements, and motions denied, with ten dollars costs. The judgment was entered upon a stipulation or agreement of settlement which has not been set aside or modified. The court was without power to resettle the judgment so as to change it in matter of substance and alter its legal effect. (*Herpe* v. *Herpe*, 225 N. Y. 323.) The plaintiff is not without remedy. It may move to be relieved from its stipulation and to vacate the judgment entered thereon if it can show facts which would entitle it to such relief. (*Ladd* v. *Stevenson*, 112 N. Y. 325; *Hatch* v. *Central National Bank*, 78 id. 487.) Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.

SAMUEL MORONOS, Appellant, v. HARRY YANOVER and Others, Respondents.— Judgment dismissing the complaint in an action to impress a lien for $2,600 and interest upon a certain leasehold and fixtures in a bakery establishment owned by defendants Yanover and Keaths Bakery, Inc., unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ.

THE MORRIS PLAN INDUSTRIAL BANK OF NEW YORK, Formerly THE MORRIS PLAN COMPANY OF NEW YORK, Appellant, v. GEORGE H. KRAEMER, JR., and Others, Defendants, and PETER J. HOUSER, Respondent.— Order directing plaintiff upon payment by respondent of the full amount of the judgment to execute and deliver an assignment of the judgment reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Respondent and others are comakers of a promissory note. By paying the amount due the judgment thereby becomes extinguished and respondent would be entitled to a satisfaction of the judgment but not to an assignment of it. (*Townsend* v. *Whitney*, 75 N. Y, 425, 429; *Gotthelf* v. *Krulewitch*, 153 App. Div. 746, 748.) Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.