■ LINDA GORTON, Appellant, v JAY FELLNER, Defendant, and IRVING SIEGEL, Respondent. — Appeal (1) from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered November 5, 1981 in Broome County, which granted codefendant Irving Siegel's motion to dismiss the complaint as against him, and (2) from the judgment entered thereon. Plaintiff, who had been a patient in the Susquehanna Nursing Home for five years, seeks to recover damages resulting from an alleged wrongful discharge in September, 1978. The issue on appeal is whether Special Term correctly granted defendant Siegel's CPLR 3211 and 3212 motions to dismiss the complaint as against him on the ground he was not a partner in the nursing home business at the time of the commission of the alleged wrongful act. In 1972, prior to the formal opening of the nursing home, Siegel and defendant Fellner executed a written

agreement to terminate their partnership, and on the following day Siegel notified the State Department of Health of his withdrawal as a participating licensee. In 1974, a second written termination agreement and certificate of discontinuance of the partnership were executed to confirm defendant Siegel's withdrawal. For reasons unstated in the record, the health department records continued to reflect his participation in the business until March 10, 1981, when the department acknowledged the partnership termination and fined defendant Fellner $500 for improper use of Siegel's name. While plaintiff does not allege that Siegel himself committed any wrongful acts, she seeks to hold him liable because the records reflected his continuance as a partner. There should be an affirmance. Plaintiff has not demonstrated that defendant Siegel participated in the conduct of the nursing home business in any manner. Her reliance upon the omission to file the certificate of discontinuance of the partnership and the failure to obtain approval from the State Department of Health for his withdrawal from the partnership, is misplaced. While the general rule is that when a tort is committed by a partnership, the wrong is imputable to all of the partners jointly and severally (Partnership Law, §§ 24-26; *Pederson v Manitowoc Co.,* 25 NY2d 412, 419), the record must contain a showing that defendant Siegel either authorized or had knowledge of the fact that he was represented to plaintiff to be a member of the partnership (*Mulvey v Hamilton,* 57 AD2d 995; *Skillern v Rooks,* 46 AD2d 745). Liability for wrongful acts of a partnership cannot be created by the failure to file a certificate of discontinuance of the partnership where such liability did not exist (General Business Law, § 130, subd 8). Nor is the fact that the State Department of Health records showed Siegel's name as a partner conclusive that he was a "controlling person" within the ambit of section 2808-a of the Public Health Law, rendering him liable to plaintiff. To be liable, Siegel would have to have had an ownership interest or the power to direct the management or policies of the nursing home. The record shows that he held neither indicia of a controlling person. Finally, defendant Fellner's failure to timely comply with section 2801-a (subd 4, par [a]) of the Public Health Law, in obtaining approval of Siegel's withdrawal, is not a basis for holding Siegel liable for the tort allegedly committed years subsequent to Siegel's actual withdrawal. The statute imposes penalties for noncompliance, but under no interpretation can be said to extend liability of defendant Siegel to plaintiff. Order and judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.