**In the Matter of Sidney GREENWALD d/b/a Maple Leaf Nursing Home, Debtor.**

**Sidney GREENWALD, Plaintiff,**

v.

**Jack FRIEDMAN, Defendant.**

**Bankruptcy Nos. 81 B 20401, 92–5187A.**

United States Bankruptcy Court, S.D. New York.

Nov. 4, 1992.

**6**

See also 145 B.R. 794.

Tratner and Molloy, New York City (Louis Tratner, of counsel), for Sidney Greenwald.

Speno Goldman Goldberg Steingart & Penn, P.C., Mineola, N.Y. (Peter Sullivan, of counsel), for Jack Friedman.

## DECISION ON MOTION FOR SUMMARY JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Defendant, Jack Friedman ("Friedman") has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056 with respect to an adversary proceeding commenced against him by the Chapter 7 debtor, Sidney Greenwald ("Greenwald"). Greenwald's action was commenced under the New York Partnership Law, Article 4, §§ 43(1) and 44 and Article 6, §§ 68 and 74. Jurisdiction is based upon this court's settlement order dated December 8, 1987, pursuant to which the Chapter 7 trustee abandoned all claims with respect to Greenwald's partnership with Friedman as to certain nursing homes. The order provided that should Greenwald or Friedman wish to litigate any issue relating to their former

partnership agreement with respect to the Fort Tryon Nursing Home, they shall do so by commencing an adversary proceeding in this court.

Greenwald's adversary proceeding against Friedman seeks a determination that the partnership agreement between Greenwald and Friedman was not dissolved until July 1, 1991, when the New York State Department of Health's Public Health Council approved the dissolution of the partnership. Additionally, Greenwald demands that Friedman account to him for assets and profits of the partnership up to July 1, 1991 and that Friedman be directed to pay to Greenwald the latter's share of the surplus remaining after the payment of liabilities up to July 1, 1991.

In addition to denials, Friedman's answer asserts a six-year statute of limitations as a defense. Among the other affirmative defenses asserted by Friedman is the defense that Greenwald's claim is barred by reason of the parties' written agreement, dated January 1, 1983.

Friedman's Fifth Affirmative Defense reads as follows:

Plaintiff's Complaint is barred under § 2806(5)(b) of the Public Health Law, the fact that he is a convicted felon and is thereby precluded, as a matter of law, from participating in the management and operation of the Fort Tryon Nursing Home and is therefore precluded, as a matter of law, from sharing in the profits of that nursing home and the fact that the facility's operating certificate, as it applied to him, was revoked in 1988 by the Public Health Council of the State of New York, having the effect of requiring him to immediately and completely cease and withdraw from participation in the management and operation of the Fort Tryon Nursing Home.

*Answer*, at 2–3.

Finally, Friedman's Sixth Affirmative Defense asserts as follows:

The question of whether or not the parties have been partners, *as and between themselves*, is strictly and solely a matter of their own intent as expressed in the agreement of January 1, 1983, and

as approved by the Order of this Court of September 14, 1983, irrespective of the approval of the New York State Public Health Counsel under 2801–a of the New York State Public Health Law, which statute deals exclusively and solely with the approval of operating certificates and which does not affect the rights and financial obligations of partners *as between themselves.*

*Answer,* at 3.

## UNDISPUTED FACTS

1. In 1967, Greenwald and Friedman entered into a written agreement wherein they agreed to enter into a partnership under the name Fort Tryon Nursing Home ("Fort Tryon") to own and operate a nursing home in New York City.

2. On July 1, 1983, an involuntary Chapter 7 petition was filed against Greenwald, d/b/a Maple Leaf Nursing Home ("Maple Leaf"). Greenwald and Friedman were also partners in Maple Leaf. Thereafter, Greenwald converted the Chapter 7 case to a reorganization case under Chapter 11 of the Bankruptcy Code. The Chapter 11 case was subsequently converted to a Chapter 7 liquidation on June 6, 1984, and a trustee in bankruptcy was appointed.

3. Pursuant to a written agreement between Greenwald and Friedman dated as of January 1, 1983, they stated that serious conflicts had developed between them regarding their partnership operations as to Fort Tryon, which then had a negative worth. The agreement recites that as of January 1, 1983, Greenwald and Friedman have discontinued their partnership relationship with respect to Fort Tryon and that Friedman will thereafter be responsible for the outstanding obligations of Fort Tryon. Additionally, the agreement provides that as of the termination date of January 1, 1983, Friedman shall be deemed the owner of all the assets of the Fort Tryon Nursing Home including business and good will. In consideration for Greenwald relinquishing his interest in the Fort Tryon partnership, Friedman agreed to indemnify Greenwald for all liabilities and deficiencies incurred in the operation of the partnership as of the termination date.

4. Thereafter, Friedman commenced an adversary proceeding in this court to compel compliance with the termination of the partnership agreement dated as of January 1, 1983. After a hearing held in this court, an order dated September 14, 1983 was entered which approved the termination of partnership agreement between Greenwald and Friedman in accordance with its terms and then dismissed Friedman's adversary proceeding on consent of the parties.

5. After the court approval of the 1983 partnership termination agreement, Friedman applied to the New York Public Health Council for approval for the Fort Tryon operation in his name. Although Greenwald had withdrawn from the partnership, his name remained on the previously issued operating certificate pending approval of the change in partnership status pursuant to the New York Public Health Law § 2801–a.

6. In 1988, the Public Health Council revoked Greenwald's operational authority because of his bankruptcy misconduct with respect to the Maple Leaf bankruptcy case. Greenwald was removed from all management participation in Fort Tryon, following an administrative hearing held February 3, 1988. The operational disqualification of Greenwald did not revoke the previously issued Establishment Approval of the Greenwald and Friedman partnership for Fort Tryon, which remained in effect pending the Department of Health's consideration of Friedman's application for a change in partnership status, which was ultimately issued on July 1, 1991.

7. Despite his having withdrawn from the Fort Tryon Partnership in 1983, Greenwald's name remained in the previously issued Establishment Approval pending completion of the change in partnership status pursuant to the New York Public Health Law § 2801–a.

8. Greenwald contends that his transfer of the Fort Tryon partnership interest in 1983 did not become effective until the Public Health Council's approval of the change in ownership pursuant to the New

York Public Health Law § 2801–a, with the result that he is entitled to an accounting of the profits and losses of the partnership from 1983 to July 1, 1991.

## DISCUSSION

In ruling on a motion for summary judgment, the court must review the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, to determine if there is no genuine issue as to any material fact so that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 599, 106 S.Ct. 1348, 1362–63, 89 L.Ed.2d 538 (1986). The nonmoving party may oppose a summary judgment motion by making a showing that there is a genuine issue as to a material fact in support of a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510–11.

■ The partnership as between Greenwald and Friedman was terminated in 1983 pursuant to their own written agreement which was approved by order of this court dated September 14, 1983. As between themselves, the fact that Public Health Council did not formally issue a change in partnership status pursuant to the New York Public Health Law § 2801–a(4)(a) and (b)[1] until July 1, 1991 did not mean that the partnership interests between the parties continued after Greenwald officially withdrew from the partnership with this court's approval. *Gorton v. Fellner*, 88 A.D.2d 742, 451 N.Y.S.2d 873 (1982) (former partner not liable for tort after his withdrawal from partnership, despite noncompliance with Public Health Law § 2801–a(4)(a) in obtaining approval of his withdrawal). Although the state has a governing interest in considering who may own and operate a nursing home, such regulatory interest may not determine who is or is not a partner with other partners as between themselves. The rights and obligations of partner are fixed as between themselves, by the terms of the partnership agreement and not by operation of law. *Levy v. Leavitt*, 257 N.Y. 461, 466, 178 N.E. 758 (1931). *See Furman v. Cirrito*, 828 F.2d 898, 901 (2d Cir.1987). Whether or not the Public Health Council approved the change in the Fort Tryon partnership status for purposes of owning or operating a nursing home, Greenwald ceased to be Friedman's partner in 1983 pursuant to their written termination agreement which was approved by this court by order dated September 14, 1983. Accordingly, Greenwald's adversary proceeding against Friedman for an account-

---

1. § 2801–a. **Establishment or incorporation of hospitals**

1. No hospital, as defined in this article, shall be established except with the written approval of the public health council. No certificate of incorporation of a business membership or not-for-profit corporation shall hereafter be filed which includes among its corporate purposes or powers the establishment or operation of any hospital, as defined in this article, or the solicitation of contributions for any such purpose, or two or more of such purposes, except with the written approval of the public health council, and when otherwise required by law of a justice of the supreme court, endorsed on or annexed to the certificate of incorporation.

. . . .

4. (a) Any change in the person who is the operator of a hospital shall be approved by the public health council in accordance with the provisions of subdivisions two and three of this section.

(b) Any change in a partnership, which is the operator of a hospital, shall be approved by the public health council in accordance with the provisions of subdivisions two and three of this section, except that: (i) any such change shall be subject to the approval by the public health council in accordance with paragraph (b) of subdivision three of this section only with respect to the new partner, and any remaining partners who have not been previously approved for that facility in accordance with such paragraph, and (ii) such change shall not be subject to paragraph (a) of subdivision three of this section.

ing as a partner from 1983 until July 1, 1991 cannot be sustained and should be dismissed as a matter of law.

Because of the legal insufficiency of Greenwald's adversary claim there is no need to address Friedman's procedural defense with regard to the statute of limitations.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. Greenwald was not Friedman's partner after he withdrew from the partnership in 1983, which withdrawal was approved by this court by order dated September 14, 1983.

3. The Public Health Council's approval of a change in the partnership status as of July 1, 1991 did not have the effect of continuing a partnership as between the parties after Greenwald withdrew from the partnership in 1983.

4. Greenwald is not entitled to an accounting from Friedman for partnership profits and loss with respect to Fort Tryon between 1983 and July 1, 1991 because he was not Friedman's partner during that period.

5. Friedman's motion for summary judgment is granted and Greenwald's complaint is dismissed.

SETTLE ORDER on notice.