■ OCEAN SIDE INSTITUTIONAL INDUSTRIES, INC., Respondent, v UNITED PRESBYTERIAN RESIDENCE et al., Appellants. [678 NYS2d 653] —In an action, *inter alia*, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated July 22, 1997, which denied the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendants Morningside House a/k/a Aging In America, Inc., and William T. Smith.

Ordered that the appeal by the defendants United Presbyterian Residence, United Presbyterian Residence of Syosset, and United Presbyterian Home of Syosset, Inc., is dismissed, as those defendants are not aggrieved by the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is reversed, on the law, the motion is granted, the complaint is dismissed insofar as asserted against the defendants Morningside House a/k/a Aging In America, Inc., and William T. Smith, and the action against the remaining defendants is severed; and it is further,

Ordered that the appellants Morningside House a/k/a Aging In America, Inc., and William T. Smith are awarded one bill of costs.

The plaintiff supplied linens to a nursing home for a period of approximately eight years. After the nursing home terminated its contract with the plaintiff, the plaintiff commenced this action to recover damages for nonpayment of services. The plaintiff also asserted claims against the defendant Morningside House a/k/a Aging In America, Inc. (hereinafter Morningside), a not-for-profit corporation which had been appointed voluntary receiver of the nursing home pursuant to Public Health Law § 2810 (1), and Morningside's President, the

defendant Dr. William T. Smith. The plaintiff alleged that Morningside and Dr. Smith owed a fiduciary duty to the nursing home's creditors, and that they had breached this duty by failing to pay for its linen services with funds received from the State. Thereafter a motion was made to dismiss the plaintiff's claims against Morningside and Dr. Smith for failure to state a cause of action, and the Supreme Court denied the motion. We reverse.

As a general rule, a receiver who acts in good faith and with appropriate care and prudence is immune from personal liability for losses (*see, 149 Clinton Ave. N. v Grassi,* 51 AD2d 502; *Meltzer v Grazi,* 10 AD2d 869). Here, the plaintiff failed to set forth any factual allegations which would indicate that Morningside, the receiver, acted in bad faith or with a lack of due care. The complaint therefore does not state a cause of action for the imposition of liability upon Morningside.

Furthermore, there is no merit to the plaintiff's contention that Dr. Smith, the President of Morningside, can be held personally liable for the nonpayment of services under Public Health Law § 2808-a. Pursuant to that statute, where a residential health care facility, such as a nursing home, is liable "under any provision of this article to any person or class of persons for damages" (Public Health Law § 2808-a [1]), the "controlling person" (Public Health Law § 2808-a [1]) of the facility is also jointly and severally liable. As amended in 1976, the statute defines "controlling person" to mean "any person who by reason of a direct or indirect ownership interest * * * has the ability * * * to direct or cause the direction of the management or policies of said facility" (Public Health Law § 2808-a [2]). Legislative history reveals that the requirement that an individual have an ownership interest in order to be deemed a "controlling person" was imposed "to insure that liability and responsibility follow the capability to make a profit" (Mem of State Exec Dept 1976 McKinney's Session Laws of NY, at 2342). Since it is undisputed that Dr. Smith, as President of Morningside, has no ownership interest in the corporation, the Supreme Court erred in concluding that he could potentially be held liable as a "controlling person" under the statute (*cf., Gorton v Fellner,* 88 AD2d 742). Consequently, the complaint also must be dismissed insofar as asserted against Dr. Smith. Miller, J. P., Krausman, McGinity and Luciano, JJ., concur.