■■■ LAURA L. JONES, Respondent, v CITY OF BUFFALO, Appellant. [700 NYS2d 338] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In 1981 plaintiff was shot and seriously wounded by her estranged husband, Clinton Jones, a Buffalo Police Officer. At the time of the shooting, Jones was off duty and attempting to visit his daughter at plaintiff's residence. Jones had committed a violent assault on his wife three weeks earlier and had recently been arrested for that assault. Although Jones had informed his superior officer of the arrest, no action had been taken. Plaintiff filed a notice of claim against defendant, City of Buffalo (City), alleging that the City was negligent in failing to take preventive measures to stop or deter Jones from continued aggressive acts against plaintiff.

Contrary to the City's contention, the notice of claim encompasses claims of negligent retention of Jones as an employee and failure to provide psychological services. Those claims are encompassed in the allegation in the notice of claim that the City failed "to act in a prudent manner with regard to the taking of appropriate preventative measures to stop or deter" Jones from continued aggressive acts against plaintiff (*cf., Moore v County of Rockland,* 192 AD2d 1021, 1023).

To the extent that the complaint asserts a claim that the City is vicariously liable for the acts of Jones, Supreme Court erred in failing to grant that part of the City's motion for summary judgment dismissing that claim. A police department may be held vicariously liable for an officer's conduct if the officer was engaged in the performance of police business (*see, Joseph v City of Buffalo,* 83 NY2d 141, 145-146). As a matter of law, the act of Jones in visiting his daughter at his wife's residence is not police business. Both parties concede that the City owed no special duty to plaintiff, and thus the court further erred in failing to grant that part of the City's motion dismissing that claim (*see, e.g., Cuffy v City of New York,* 69 NY2d 255, 260).

The court properly denied that part of the City's motion with respect to the claim that the City negligently retained Jones and failed to provide him with psychological services. Those claims are not barred by governmental immunity because the record does not show that the Police Department's inaction involved an exercise of discretion (*see, Mon v City of New York*, 78 NY2d 309, 313, *rearg denied* 78 NY2d 1124). The Police Department had a duty to protect against foreseeable risks of harm (*see, Wyatt v State of New York*, 176 AD2d 574, 576; *see also, Lubelfeld v City of New York*, 4 NY2d 455, 460-461; *McCrink v City of New York*, 296 NY 99, 105-106). The Police Department knew of the recent violent assault against plaintiff, and there is an issue of fact whether it also knew that Jones was having psychological problems related to the stress of his employment. If so, there is a further issue of fact whether the Police Department had a duty to act under the standard of care in 1981 for law enforcement agencies dealing with job-related stress.

We modify the order, therefore, by granting in part the City's motion for summary judgment and dismissing the claims that the City is vicariously liable for the acts of Jones and that the City owed and violated a special duty to plaintiff. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Reargument.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.