■ PATRICK J. FLANNERY et al., Appellants, v MICHAEL L. MARLEY et al., Respondents, et al., Defendant. [720 NYS2d 807] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Golia, J.), dated February 24, 2000, as granted the motion of the defendant New York Post Company, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and, upon searching the record, granted summary judgment dismissing the complaint insofar as asserted against the defendant Michael L. Marley, and denied as academic its cross motion for partial summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

While a guest at the Clarion Hotel and Casino in Reno, Nevada, the appellant Patrick Flannery was injured in an altercation. Thereafter, he and his wife commenced an action in the Nevada State Court against the owner of the hotel, and, after the entry of a judgment in their favor, obtained full satisfaction of the principal amount of the judgment from the hotel owner. The appellants also had commenced the instant action in New York against the hotel owner as well as the respondents, the New York Post Company, Inc. (hereinafter the New York Post), and Michael L. Marley, a New York Post sports writer. The New York Post moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the appellants were barred from recovery against joint tortfeasors upon obtaining satisfaction of the Nevada judgment against another tortfeasor. The Supreme Court granted the motion for summary judgment dismissing the complaint insofar as asserted against the New York Post and, upon searching the record, dismissed the complaint insofar as asserted against Marley, and denied as academic the appellants' cross motion for partial summary judgment.

It is well settled that "the satisfaction of a judgment rendered against one tort-feasor discharges all joint tort-feasors from li-

ability to the plaintiff" (*Velazquez v Water Taxi,* 49 NY2d 762, 764; *see, Blanco v J & B Assocs.,* 177 AD2d 370). "[O]nce the judgment is satisfied it is deemed to constitute the plaintiff's election of his or her remedy" (*Blanco v J & B Assocs., supra,* at 371). Since the appellants admitted that the hotel owner satisfied the Nevada judgment, they failed to raise a triable issue of fact to defeat the New York Post's prima facie showing that they had elected their remedy (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562; *Blanco v J & B Assocs., supra*). Accordingly, the Supreme Court properly granted the motion of the New York Post for summary judgment. Furthermore, the Supreme Court properly dismissed the complaint insofar as asserted against the alleged joint tortfeasor Marley on the same ground, and properly denied the appellants' cross motion as academic.

The appellants' remaining contentions are without merit. O'Brien, J. P., Santucci, Luciano and Schmidt, JJ., concur.