■ In the Matter of HUTTON DEVELOPERS, Respondent, v 346-364 WASHINGTON AVENUE CORPORATION et al., Respondents, and BENEDICTINE HOSPITAL, as Receiver of the Hutton Nursing Home, Appellant. [794 NYS2d 157]—

Rose, J. Appeals (1) from an order of the Supreme Court (Spargo, J.), entered November 20, 2003 in Ulster County, which, inter alia, in a proceeding pursuant to RPAPL article 7,

granted petitioner's motion for summary judgment, and (2) from the judgment entered thereon.

Petitioner, as the assignee of the lessor, leased a nursing home facility to respondent 346-364 Washington Avenue Corporation (hereinafter Washington). Washington subleased the facility to Alice Hutton, who operated the nursing home for several years and then assigned her interests in it to respondent Charles A. Glessing, who had been appointed as receiver of the nursing home by the Department of Health (hereinafter DOH) in January 1983. Respondent Benedictine Hospital (hereinafter respondent) succeeded Glessing as receiver and operator in February 2001. In August 2003, as a result of defaults in payment by respondent and Washington, petitioner commenced this summary proceeding pursuant to RPAPL article 7 to recover possession, as well as delinquent rent and taxes. Finding no triable issue of fact as to liability, Supreme Court awarded petitioner, among other things, possession and unpaid rent. Respondent now appeals.

We cannot agree with respondent's argument that petitioner failed to establish a landlord-tenant relationship with respondent. The provisions of the lease between petitioner's assignor and Washington were specifically incorporated into the sublease between Washington and Hutton, and Hutton expressly agreed to perform all of Washington's obligations. Glessing and respondent, in turn, are successor sublessees who agreed to perform Hutton's obligations under the sublease. As a result, petitioner is the successor landlord, Washington is the tenant and respondent is the successor subtenant. Moreover, as receiver, respondent is obligated to assume all of the responsibilities of existing leases entered into by the previous operator of the facility (*see* Public Health Law § 2810 [2] [c]; *Schwartzberg v Whalen*, 99 Misc 2d 708, 709 [1979]).

We must also disagree with respondent's contention that petitioner failed to join necessary parties, namely DOH and Hutton's estate. Neither has a direct or possessory interest in the property (*cf. Storrs v Holcomb*, 245 AD2d 943, 945-946 [1997]), neither would be inequitably affected by the judgment herein and complete relief can be accorded to the other parties in their absence (*see* CPLR 1001 [a]; *Nagavi v Newcomb*, 305 AD2d 904, 905-906 [2003]).

Respondent next argues that the notices of default served by petitioner in January 2002 are stale because this proceeding was not commenced until 20 months later and petitioner accepted rental payments during that period. We note, however, that there was a separate written agreement between petitioner

and Washington providing that petitioner's acceptance of rent after the default notices were sent would not constitute a waiver of default (*see Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y.*, 61 NY2d 442, 446 [1984]). Also, given the ongoing communication between petitioner and respondents, respondent failed to demonstrate either the detrimental reliance or the prejudice necessary for the application of the equitable doctrine of laches (*see Matter of Felix v Herman*, 257 AD2d 900, 902 [1999]).

As for respondent's assertion that there is an issue of fact as to whether petitioner accepted payment of rent from respondent in January 2003, the record makes clear that petitioner produced the check received from Washington in January 2003 with proof that it was dishonored, while respondent offered no documentary evidence, such as a cancelled check, to substantiate its allegation that a different check was received and cashed by petitioner. Thus, respondent failed to raise a genuine question of fact (*see Holly v Morgan*, 2 AD3d 1170, 1171 [2003]; *Rosen v Rosen*, 78 AD2d 911, 912 [1980]).

Finally, Supreme Court's order and judgment sufficiently specified that respondent's liability to petitioner is limited to its capacity as receiver. It suffices that the caption on the order identifies respondent as receiver and the judgment expressly states that it is against respondent "solely in its capacity as Receiver of the Nursing Home."

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order and judgment are affirmed, with costs.