■ Leon Green, Appellant, v Robert J. Conciatori et al., Defendants, and Jesus J. Pena et al., Respondents. [809 NYS2d 559]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated September 28, 2004, which granted the motion of the defendants Jesus J. Pena and Christopher E. Wittstruck, and the separate motion of the defendant Eric F. Popkin pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff commenced this action to recover damages for legal malpractice against the defendants, who were his attorneys in an underlying personal injury suit. The defendants Jesus J. Pena and Christopher E. Wittstruck, and the defendant Eric F. Popkin, separately moved to dismiss the complaint insofar as asserted against them on the grounds that the action was time-barred and that the complaint failed to state a cause of action. The Supreme Court granted the motions, concluding that the action was time-barred as against the respondents. We affirm, but in part on a different ground.

The Supreme Court properly concluded that the plaintiff's cause of action against Popkin was time-barred. Popkin acted only as trial counsel, and did not continue to represent the plaintiff after September 15, 1999. Therefore, the three-year statute of limitations for a legal malpractice action as against Popkin had expired when the plaintiff commenced this action in February 2004 (*see* CPLR 214 [6]).

While Pena and Wittstruck failed to demonstrate that the action against them was time-barred, the complaint nevertheless failed to state a cause of action to recover damages for legal malpractice against them. The plaintiff asserted three causes of action against them. In his first cause of action, he alleged that they were negligent in failing to discover certain facts about the plaintiff's underlying accident that differed from the facts the plaintiff had given them regarding the accident. These facts were known to the plaintiff, but never disclosed to Pena or Wittstruck, nor any attorney at their firm before the complaint was filed. While an attorney has a responsibility to investigate and prepare every phase of a client's case, an attorney should not be held liable for ignorance of facts which the client neglected to tell him or her (*see Parksville Mobile Modular v Fabricant*, 73 AD2d 595 [1979]). The plaintiff did not show that Pena and Wittstruck failed to exercise the ordinary reasonable skill and knowledge possessed by a member of the legal profession (*see McCoy v Feinman*, 99 NY2d 295, 301-302 [2002]).

In the second and third causes of action, the plaintiff alleged that acts of malpractice were committed by a former partner of Pena and Wittstruck in a law firm which disbanded in 1994, and by trial counsel retained by this former partner. These alleged acts of malpractice took place after the firm had disbanded, and therefore Pena and Wittstruck cannot be held liable for them (*see* Partnership Law §§ 24, 26). The plaintiff thus failed to state a cause of action against Pena and Wittstruck to recover damages for legal malpractice. Prudenti, P.J., Adams, Spolzino and Covello, JJ., concur.