■ RICARDO WRIGHT, Respondent, v JAMES J. SHAPIRO et al., Defendants, and MARCIA G. SHAPIRO, as Fiduciary of the Estate of SIDNEY S. SHAPIRO, Deceased, Appellant. [830 NYS2d 627]—

Appeal from an order of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered June 24, 2005 in a legal malpractice action. The order, insofar as appealed from, denied that part of the cross motion of defendants James J. Shapiro, James J. Shapiro, P.A., and Marcia G. Shapiro, as fiduciary of the estate of Sidney S. Shapiro, deceased, each individually and doing business as Shapiro and Shapiro, for summary judgment dismissing the amended complaint against defendant Marcia G. Shapiro, as fiduciary of the estate of Sidney S. Shapiro, deceased.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is granted in its entirety, and the amended complaint against defendant Marcia G. Shapiro, as fiduciary of the estate of Sidney S. Shapiro, deceased, is dismissed.

Memorandum: Defendant Marcia G. Shapiro, as fiduciary of the estate of Sidney S. Shapiro, deceased (fiduciary), appeals from the order of Supreme Court insofar as it denied that part of the cross motion of defendants James J. Shapiro, James J. Shapiro, P.A. and the fiduciary, each individually and doing business as Shapiro and Shapiro, for summary judgment dismissing the amended complaint against the fiduciary in this legal malpractice action. The law firm of Shapiro and Shapiro was retained by plaintiff's mother in November 1994 for the purpose of commencing a negligence action against the Rochester City School District (School District) for injuries sustained by plaintiff while playing in a high school football game. Shapiro and Shapiro served a notice of claim on the School District on plaintiff's behalf on or about November 21, 1994. At that time, Sidney S. Shapiro (decedent), was a partner in the firm, but he withdrew from the partnership pursuant to a written "Agreement to Retire Partnership Interest" on April 3, 1995. The record establishes that the underlying action was not handled by decedent, but by the other firm partner and an associate. That action, commenced in June 1997, was dismissed in September 2000 upon the motion of the School District for summary judgment. In denying that part of the cross motion herein for sum-

mary judgment dismissing the amended complaint against the fiduciary, the court concluded that the cause of action for defendants' alleged negligence in failing to assert as a theory of liability that plaintiff should not have been allowed to play in the football game because he had not attended the required number of football practices accrued when the notice of claim was served. We disagree, and reverse the order insofar as appealed from.

The notice of claim, which included allegations that the School District had "permitted [plaintiff] to play even though he had been absent from practice" and that it "fail[ed] . . . to prevent [plaintiff] from participating in the football game," was sufficient to encompass the claim that plaintiff had attended fewer practices than necessary to be allowed to participate in the game (*see Jones v City of Buffalo*, 267 AD2d 1101, 1101 [1999]; *Goldman v New York City Health & Hosps. Corp.*, 186 AD2d 629 [1992]; *DeLeonibus v Scognamillo*, 183 AD2d 697 [1992]; *see generally Brown v City of New York*, 95 NY2d 389, 393 [2000]; *O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]). Thus, the cause of action here asserted for alleged negligence in failing to advance that theory of liability did not accrue when the notice of claim was served, nor could it have accrued at any time before decedent's withdrawal from the partnership in April 1995.

We reject plaintiff's alternative contention that the fiduciary remains liable for any malpractice committed by the law firm after decedent's withdrawal. A partner is ordinarily individually liable for the tortious conduct of another member or employee of the firm only if such conduct occurred while that partner was a member of the firm (*see* Partnership Law §§ 24, 26 [a] [1]; *Green v Conciatori*, 26 AD3d 410, 411 [2006]; *Watkins v Fromm*, 108 AD2d 233, 241-242 [1985]; *Gorton v Fellner*, 88 AD2d 742 [1982]). Further, there is no basis on the record before us to hold the fiduciary liable on any theory of estoppel (*cf.* Partnership Law § 27; *Royal Bank & Trust Co. v Weintraub, Gold & Alper*, 68 NY2d 124, 128-129 [1986]; *Fanelli v Adler*, 131 AD2d 631 [1987]).

We have considered plaintiff's remaining alternative ground for affirmance and conclude that it is without merit. Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.