■ In the Matter of BENEDICTINE HOSPITAL, as Receiver of HUTTON NURSING HOME, Respondent, v CHARLES A. GLESSING, Doing Business as HUTTON NURSING HOME, Appellant, et al., Respondent. [935 NYS2d 683]—

Spain, J.

In August 2009, petitioner, a New York nonprofit corporation, as receiver of Hutton Nursing Home (hereinafter the Home), filed an application with Supreme Court for permission to file its final accounting report and an order approving distribution of the Home's assets. Respondent Charles A. Glessing, the receiver of the Home between 1983 and 2001, asserted 21 objections to the accounting, opposed the motion and filed a notice of claims and alternate proposed distribution of assets, wherein he would have first priority to the Home's assets. He also filed a cross motion that sought to impose a surcharge against petitioner in its individual capacity and an order granting him leave to pursue independent litigation against petitioner, also in its individual capacity.[1] Supreme Court ultimately dismissed many of Glessing's objections and claims in their entirety, reserved decision on others pending a hearing, and denied his cross motion. Glessing now appeals.

We affirm. Much of the background to this proceeding can be found in our earlier decisions, as this matter and related matters have previously been before this Court (47 AD3d 1184 [2008]; *Matter of Hutton Devs. v 346-364 Washington Ave. Corp.*, 17 AD3d 977 [2005]; *Matter of St. James Nursing Home v DeBuono*, 12 AD3d 921 [2004]). Only those facts relevant to this appeal will be repeated here. In 2003, during petitioner's tenure as receiver of the Home, Hutton Developers, as assignee of the rights of the lessor of the Home, obtained a judgment from Supreme Court (Spargo, J.) for possession and unpaid rent in the amount of $344,332.97 against petitioner, in its capacity as receiver, and Glessing, individually and as receiver. We affirmed that judgment on appeal (*Matter of Hutton Devs. v 346-364 Washington Ave. Corp.*, 17 AD3d at 977-979).

In 2004, petitioner terminated its operations according to a closure plan approved by respondent Department of Health, commenced the instant proceeding, and obtained a temporary restraining order from Supreme Court (Kavanagh, J.) preventing Hutton Developers from enforcing its judgment against petitioner. Thereafter, in December 2004, Hutton Developers filed its notice of claim in this proceeding which exceeded

---

1. Respondent Department of Health, as both a creditor and party in interest, had no objection to the final accounting. The Teamsters Local 445 Pension Fund objected to its listed name and the amount it was owed in the final accounting, but petitioner conceded to both points and the Fund made no other objections. No objections were filed by any other creditors.

$500,000.[2] In July 2005, Glessing obtained a full satisfaction of Hutton Developers' judgment against him by making a lump-sum payment to Hutton Developers of $300,000 and conveying certain real estate and stock interests, which included his ownership interest in the real property upon which the Home was located. Thereafter, by assignment, Glessing obtained Hutton Developers' rights in the judgment amount and its rights to its claim as judgment creditor of the Home.

Glessing now argues that the assignment of Hutton Developers' prior judgment lien to him gives him priority status over petitioner and the Home's other creditors. Because we find the assignment to be invalid, we disagree. "It is well settled that the satisfaction of a judgment rendered against one tort-feasor discharges all joint tort-feasors from liability to the plaintiff" (*Velazquez v Water Taxi*, 49 NY2d 762, 764 [1980]), and that "[b]y paying the amount due[,] the judgment thereby becomes extinguished and [the payor] would be entitled to a satisfaction of the judgment but not to an assignment of it" (*Morris Plan Indus. Bank of N.Y. v Kraemer*, 243 App Div 632, 632 [1935]). Accordingly, when Glessing satisfied the judgment against him, he also satisfied the judgment against petitioner, leaving nothing remaining for Hutton Developers to assign to Glessing (*see Velazquez v Water Taxi*, 49 NY2d at 764; *Harbeck v Vanderbilt*, 20 NY 395, 398 [1859]; *Flannery v Marley*, 280 AD2d 580, 580-581 [2001]).

The express statements in the satisfaction of judgment limiting the release of liability to Glessing alone are ineffective. When a judgment exists against several defendants and one pays the entire amount owed, the judgment is extinguished "whatever may be the intention of the parties to the transaction, and it is not in their power by any arrangement between them to keep the judgment alive for the benefit of the party making the payment" (*Gotthelf v Krulewitch*, 153 App Div 746, 748 [1912]; *see Townsend v Whitney*, 75 NY 425, 431-432 [1878]). Glessing also argues that the assignment was valid because he did not pay the full amount due and owing to Hutton Developers, thus only partially satisfying the debt on the judgment. The satisfaction, however, clearly extinguishes the debt owed by Glessing in full, and Glessing fails to otherwise substantiate his assertion to the contrary by providing proof that the value of the assets he transferred to obtain the satisfaction was less than the claim asserted by Hutton Developers (*see Gotthelf v Krulewitch*, 153 App Div at 748).

---

**2.** The claim included the judgment amount, accrued interest and an estimated value of petitioner's continued possession of the premises since the entry of judgment.

Likewise, we find that Glessing cannot obtain priority status to the Home's assets under principles of equitable subrogation. The doctrine of equitable subrogation applies as follows: " '[w]here property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lien-holder' " (*King v Pelkofski*, 20 NY2d 326, 333 [1967], quoting Restatement of Restitution § 162; *accord Elwood v Hoffman*, 61 AD3d 1073, 1075 [2009]). Subrogation is an equitable doctrine and will not be "given to one who merely pays his [or her] own debt" (*Pathe Exch., Inc. v Bray Pictures Corp.*, 231 App Div 465, 469 [1931]). Although petitioner, as receiver, was liable to pay Hutton Developers' judgment, Glessing was fully and equally liable and, thus, we find no basis for invoking the equitable doctrine under the circumstances presented here (*see Pathe Exch., Inc. v Bray Pictures Corp.*, 231 App Div at 469; *compare Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d 85, 107-108 [2009], *lv dismissed* 13 NY3d 900 [2009]).

We have considered Glessing's remaining claims to priority and find them without legal basis. In addition, we hold that Supreme Court (Cahill, J.) correctly denied Glessing's cross motion for leave to pursue a separate claim against petitioner in its individual capacity and for an order imposing a surcharge against petitioner. "As a general rule, a receiver who acts in good faith and with appropriate care and prudence is immune from personal liability for losses" (*Ocean Side Institutional Indus. v United Presbyt. Residence*, 254 AD2d 337, 338 [1998] [citations omitted]; *see Copeland v Salomon*, 56 NY2d 222, 228 [1982]; *Trustco Bank, Natl. Assn. v 400 Delaware Ave. Prop. Co.*, 256 AD2d 762, 763 [1998], *lv dismissed and denied* 93 NY2d 869 [1999]). Glessing alleges that petitioner should be subject to personal liability because it did not exercise due care in running the Home and acted in bad faith when it decided to close the Home and transfer its patients to another facility owned by petitioner. The record does not support such a finding. It is undisputed that the Home was in serious financial difficulty when petitioner became the receiver, and Glessing failed to present evidence that petitioner's failure to make the Home into a viable business entity was the product of any specific malfeasance.

Peters, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.