OPINION OF THE COURT
Doris Ling-Cohan, J.
It is ordered that this motion is decided as indicated below. This court entered an order (liquidation order) on November 20, 1997, pursuant to which U.S. Capital Insurance Company *636 (U.S. Capital) was adjudged to be insolvent and placed into liquidation. The liquidation order appointed the then-Superintendent of Insurance and his successors in office as liquidator of U.S. Capital. Benjamin M. Lawsky, the Superintendent of Financial Services of the State of New York has now succeeded the Superintendent of Insurance as liquidator of U.S. Capital. He has appointed Jonathan L. Bing as Special Deputy Superintendent and Agent of the Liquidator to carry out the responsibilities of the liquidator through the New York Liquidation Bureau.
The liquidator has been discharging his responsibilities since November 20, 1997. On March 8, 2012, the liquidator submitted his initial report on the status of the liquidation proceeding for approval, providing a history of U.S. Capital, a summary of the liquidator’s activities pursuant to the liquidation order and Insurance Law article 74, the financial status of U.S. Capital and the basis for the liquidator’s recommendations. In such application, the liquidator seeks to extend judicial immunity to the Superintendent, in his capacity as liquidator of U.S. Capital, and his successors in office and their agents and employees, for: (1) any cause of action of any nature against them, individually or jointly; (2) any acts or omissions when acting in good faith, in accordance with the orders of this court; and/or (3) the performance of his duties pursuant to Insurance Law article 74.
The issue before the court is whether it is appropriate to grant judicial immunity to the liquidator. For the reasons discussed below, the liquidator is entitled to judicial immunity.
The legislature did not explicitly provide judicial immunity to the liquidator, nor does there appear to be any case law directly on point discussing this issue in detail.* However, it has long been established that judges are granted absolute immunity from liability for acts taken pursuant to their judicial power and authority. (Forrester v White, 484 US 219, 225 [1988].) The rationale for the concept of judicial immunity is to allow members of the judiciary to exercise independent judgment, that is “critical to our judicial system,” without fear of legal reprisal. (Tarter v State of New York, 68 NY2d 511, 518 [1986].) Following a sim *637 ilar rationale, the Supreme Court has extended judicial immunity to “certain others who perform functions closely associated with the judicial process.” (Cleavinger v Saxner, 474 US 193, 200 [1985]; see Yaselli v Goff, 275 US 503 [1927] [extending judicial immunity to federal and state prosecutors]; Briscoe v LaHue, 460 US 325, 335 [1983] [extending judicial immunity to witnesses, including police officers, who testify in judicial proceedings since witnesses are “integral parts of the judicial process”]; Imbler v Pachtman, 424 US 409, 423 [1976] [extending judicial immunity to grand jurors].) In determining which persons are covered by an extension of the immunity, the Supreme Court follows a “functional approach” under which “[a]bsolute immunity flows not from rank or title or location within the Government, but from the nature of the responsibilities of the individual official.” (Cleavinger v Saxner, 474 US at 201 [internal quotation marks and citation omitted].)
Similarly, in New York, the Court of Appeals has extended judicial immunity beyond judges. As stated by the Court of Appeals:
“A logical extension of this premise is that other neutrally positioned government officials, regardless of title, who are delegated judicial or quasi-judicial functions should also not be shackled with the fear of civil retribution for their acts. [T]he common law provide[s] absolute immunity from subsequent damages liability for all persons — governmental or otherwise — who [a]re integral parts of the judicial process. Notably, this extension of judicial immunity to those whose actions are an integral part of the judicial process is limited. It is circumscribed to claims arising from the performance of the specific judicially delegated function.” (Mosher-Simons v County of Allegany, 99 NY2d 214, 220 [2002] [internal quotation marks, citations and emphasis omitted].)
Thus, a court-appointed receiver acts as an arm of the court and is immune from liability for actions grounded in his or her conduct as receiver. (See Bankers Fed. Sav. v Off W. Broadway Devs., 227 AD2d 306, 306 [1st Dept 1996] [affirming dismissal of claim against the receiver for damage to property because “the receiver had no personal liability for the actions performed within his official capacity and within the scope of his authority pursuant to the receivership order”].) Judicial immunity only extends to a receiver who acts in good faith and with appropri *638 ate care and prudence. (Matter of Benedictine Hosp. v Glessing, 90 AD3d 1383, 1386 [3d Dept 2011]; see also Ocean Side Institutional Indus. v United Presbyt. Residence, 254 AD2d 337, 338 [2d Dept 1998] [dismissing a claim because “plaintiff failed to set forth any factual allegations which would indicate . . . the receiver . . . acted in bad faith or with a lack of due care”].)
While it did not specifically address judicial immunity, the Court of Appeals has noted that, when acting as liquidator of a distressed insurer, the superintendent operates as a statutory receiver whose “role as liquidator is judicial.” (Matter of Dinallo v DiNapoli, 9 NY3d 94, 103 [2007].) The Superintendent herein was appointed by this court to perform, as liquidator, a specific judicially delegated function and his role is an integral part of the judicial process. Thus, the liquidator of U.S. Capital operates as a statutory receiver and is entitled to judicial immunity for any acts or omissions when acting in good faith, in accordance with the liquidation order issued by the court, or in the performance of his duties pursuant to Insurance Law article 74.
The balance of the relief sought in the amended verified petition is granted.
It is hereby ordered: (a) the initial report and the financial transactions delineated therein are approved; (b) the continued payment of administrative costs and expenses is authorized; (c) the liquidator is authorized to distribute U.S. Capital’s assets, consistent with this court’s orders and the priorities set forth in Insurance Law § 7434, to those creditors of U.S. Capital with allowed claims, to the extent that, in the liquidator’s discretion, sufficient funds are available; and (d) judicial immunity is extended to the Superintendent in his capacity as liquidator of U.S. Capital, and his successors in office and their agents and employees, for any cause of action of any nature against them, individually or jointly, for any act or omission when acting in good faith, in accordance with the orders of this court, or in the performance of their duties pursuant to Insurance Law article 74.
All further applications shall be submitted to the clerk’s office for review, and assigned a motion sequence number, and file, for tracking purposes.

 As reflected in liquidation orders in other cases, other courts have granted immunity to liquidators, albeit without an opinion explaining the basis. (See In re Atlantic Mut. Ins. Co., Sup Ct, NY County, Apr. 26, 2011, Rakower, J., index No. 402424/10; In re Colonial Coop. Ins. Co., Sup Ct, NY County, Sept. 30, 2010, Gische, J., index No. 400236/10; In re Insurance Corp. of N.Y., Sup Ct, NY County, Mar. 4, 2010, Kenney, J., index No. 401477/09.)