In the Matter of EXECUTIVE LIFE INSURANCE COMPANY OF NEW YORK. SUPERINTENDENT OF FINANCIAL SERVICES, Formerly Known as SUPERINTENDENT OF INSURANCE OF STATE OF NEW YORK, Respondent; JENNIFER ARACIL APPLING et al., Appellants. NATIONAL ORGANIZATION OF LIFE AND HEALTH INSURANCE GUARANTY ASSOCIATIONS, Nonparty Respondent. [959 NYS2d 513]—

In a proceeding pursuant to Insurance Law article 74 to liquidate the assets of an insolvent insurer, the objectors appeal, as limited by their brief, from (1) a decision of the Supreme Court, Nassau County (Galasso, J.), dated April 16, 2012, and (2) so much of an order of the same court, also dated April 16, 2012, as, upon the decision, granted the petition to approve a certain agreement of restructuring in connection with the liquidation of Executive Life Insurance Company of New York, and awarded the receiver for the insolvent insurer permanent injunctive relief and judicial immunity.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioner-respondent and the nonparty-respondent.

More than 20 years ago, Executive Life Insurance Company of New York (hereinafter ELNY) went into rehabilitation under the auspices of the New York State Liquidation Bureau. In 2011, the Superintendent of Insurance of New York State (hereinafter the Superintendent) filed a petition with the Supreme Court, seeking to convert the rehabilitation proceeding into a liquidation proceeding on the ground that ELNY was insolvent. The Superintendent also sought approval of an agreement of restructuring in connection with the liquidation of ELNY (hereinafter the agreement), pursuant to which ELNY's assets were to be distributed on a pro rata basis to payees of ELNY annuities, and 40 State Insurance Guaranty Association members of the National Organization of Life and Health Insurance Guaranty Associations (hereinafter the SIG Associations), were to contribute funds towards the satisfaction of ELNY's obligations to its annuity payees, up to the statutory coverage caps applicable to them. Pursuant to the agreement, the SIG Associations were also to provide certain enhancements in coverage, beyond the amounts that they are statutorily required to provide, and a consortium of life insurance companies voluntarily agreed to provide certain guarantees of policyholder payments. While the agreement provides more coverage of benefits to payees of ELNY annuities than would have been afforded by a straight statutory liquidation proceeding, approximately 15% of payees will experience a reduction in benefits pursuant to the agreement, some by significant percentages.

ELNY annuity payees were notified, by mail sent to their last known addresses, of the pendency of the liquidation proceeding

and the existence of the agreement and its estimated impact, if any, upon the benefits payable to them, and were afforded the opportunity to object to the agreement. Moreover, the Supreme Court conducted a hearing on the liquidation petition, at which some ELNY annuity payees whose benefits would be reduced under the agreement (hereinafter collectively the objectors), appeared, testified as to their objections to the agreement, and cross-examined the Superintendent's witnesses. After the hearing, the Supreme Court approved the agreement, and issued an order which included a grant of judicial immunity to the Superintendent and preliminary injunctions, enjoining and restraining, inter alia, all persons "from commencing or further prosecuting any actions at law or other proceedings against ELNY or its assets, the [Superintendent as] Receiver or the New York Liquidation Bureau, or their present or former employees, attorneys, or agents, with respect to this proceeding or the discharge of their duties under Insurance Law Article 74."

We reject the objectors' contention that they were denied due process, either in the manner in which the notice was provided to them or in the conduct of the hearing. "The fundamental requisite of due process of law is the opportunity to be heard" (*Grannis v Ordean*, 234 US 385, 394 [1914]).

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Milliken v. Meyer*, 311 U.S. 457; *Grannis v. Ordean*, 234 U.S. 385 [1914]; *Priest v. Las Vegas*, 232 U.S. 604; *Roller v. Holly*, 176 U.S. 398. The notice must be of such nature as reasonably to convey the required information, *Grandis v. Ordean, supra*, and it must afford a reasonable time for those interested to make their appearance, *Roller v. Holly, supra*, and cf. *Goodrich v. Ferris*, 214 U.S. 71" (*Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314-315 [1950]).

The notice mailed to the last known addresses of the ELNY annuity payees was reasonably calculated to apprise them of the pendency of the liquidation proceeding and the execution of the proposed agreement, and to afford them an opportunity to be heard, and, thus, satisfied due process (*see Matter of Orange County Commr. of Fin. [Helseth]*, 18 NY3d 634, 639 [2012]; *Matter of McCann v Scaduto*, 71 NY2d 164, 173 [1987]). Moreover, the record does not support the contention that the hearing was "an unfair proceeding."

There is no merit to the contention that the Supreme Court

lacked subject matter jurisdiction to include, in the order approving the agreement, provisions which granted the receiver for ELNY judicial immunity and preliminary injunctive relief (*see Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 166 [1967]). Furthermore, such relief was appropriately granted in the order (*see Matter of U.S. Capital Ins. Co.*, 36 Misc 3d 635, 636-638 [2012]; Insurance Law § 7419 [b]). Dillon, J.P., Chambers, Sgroi and Miller, JJ., concur. **[Prior Case History: 2012 NY Slip Op 31174(U).]**